**Michael DISNEY, Petitioner-Appellant,**

v.

**STATE of Indiana, Respondent-Defendant.**

**No. 1–682A138.**

Court of Appeals of Indiana, First District.

Oct. 28, 1982.

Susan K. Carpenter, Public Defender, Frances Watson, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Latrielle Wheat, Deputy Atty. Gen., Indianapolis, for respondent-defendant.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

Michael Disney appeals from the denial of his petition for post conviction relief under Indiana Rules of Procedure, Post-Conviction Rule 1. We reverse and remand.

## STATEMENT OF FACTS

Disney was charged with rape, a class A felony.[1] On November 28, 1979, Disney pleaded guilty to rape, a class B felony,[2] pursuant to a plea recommendation. The plea recommendation provided for a fine of one dollar ($1.00) and costs, and for a sentence of fourteen (14) years,[3] eight (8) years to be served with the remaining six (6) years to be suspended, with a term of probation of fourteen (14) years, the terms of probation to include "no other offenses." No other terms of probation were specified in the written plea recommendation filed with the court, although attached to the recommendation was a handwritten statement from the victim requesting that Disney pay her medical expenses and loss of wages amounting to $500. The trial court accepted the plea recommendation and sentenced Disney in accordance with the recommendation. Nothing was said about an order for restitution being made a term of probation. In fact, no terms of probation were imposed at the sentencing hearing. Rather, the trial judge stated:

> "The suspension of the remaining time is conditioned upon your compliance with the terms of an order placing you on probation for a period of fourteen years and I will draft that Order of Probation, Mr. Disney, and forward that to the Probation Department and they will send you a copy of that for your signature. I think the order is self-explanatory as to its provisions."

Record at 165.

Later the same day, December 5, 1979, the trial court entered an order of probation, which, in addition to other terms[4] specifically required Disney to make restitution of $500 through the probation office payable in monthly payments of $50.00 commencing November 1, 1983. Disney was not present in court when these terms of probation were specified. However, a copy of the order of probation was mailed to him at his place of incarceration, and on December 26, 1979, he signed an acknowledgment that he had read and understood and agreed to comply with such terms.

## ISSUES

Disney raises the following issues for our determination:

1. Whether the court below erred in finding that Petitioner Disney knowingly, intelligently, and voluntarily entered his plea of guilty.

2. Whether the court below erred in failing to find that an order of restitution as a condition of probation imposed for the period of a suspended sentence must be specified in the record at the sentencing hearing.

## DISCUSSION AND DECISION

*Issue One*

Disney contends his guilty plea was not knowingly, intelligently, and voluntarily entered because he was unaware of the restitution requirement, or that restitution in the amount of $500.00 would be made a term of his probation, at the time he entered his plea. We disagree.

---

1. Indiana Code § 35-42-4-1.

2. *Id.*

3. Indiana Code § 35-50-2-5 prescribes a presumptive sentence of ten (10) years for class B felonies, with not more than ten (10) years added for aggravating circumstances or not more than four (4) years subtracted for mitigating circumstances. In addition, a fine of not more than $10,000 may be imposed.

4. The other terms of probation specified in the order required Disney to report to the probation officer within five (5) days of his release and monthly thereafter, to notify the probation department of any change of address, to refrain from committing any other offenses, to pay the fine and costs within sixty (60) days of his release, to seek gainful employment and report his efforts in that regard, to refrain from the use or possession of drugs or alcoholic beverages except as prescribed by a physician, and to take a breathalyzer test if required to do so by any probation or police officer. None of these terms of probation were specified at the sentencing hearing in Disney's presence. The only such term specified in the plea agreement was that he should not commit any other offenses.

When a guilty plea is attacked because of alleged misinformation concerning sentencing, the issue of the validity of such plea is determined by a two-part test: (1) whether the defendant was aware of actual sentencing possibilities and (2) whether accurate information would have made any difference in his decision to enter the plea. *Hunter v. Fogg,* (2nd Cir.1980) 616 F.2d 55; *Williams v. Smith,* (2nd Cir. 1979) 591 F.2d 169, *cert. denied,* 442 U.S. 920, 99 S.Ct. 2845, 61 L.Ed.2d 289. Assuming the first part of the test was met since the plea agreement made no reference to restitution and no mention of such a requirement was made at sentencing, the second part of the test was not met. It was Disney's burden to prove the grounds for post-conviction relief by a preponderance of the evidence. Indiana Rules of Procedure, Post-Conviction Rule 1, section 5; *Tessely v. State,* (1982) Ind., 432 N.E.2d 1374; *Roberts v. State,* (1981) Ind.App., 419 N.E.2d 803. At the post-conviction hearing Disney testified as follows:

"Q. Do you have objections to making the five hundred dollar restitution award to the victim in this case?

"A. I wouldn't mind paying it if I could go home.

"Q. Do you feel that, do you have any additional comments to make to the Court at this time regarding your sentence?

"A. I would like for the Court to take the two years that I've got and put it on my probation and I'll pay the five hundred dollars so I could wholly support my son and be with him."

Record at 170.

" * * * *

"Q. And you're asking the Court therefore to allow you to pay restitution and you would be willing to pay restitution if your sentence was suspended further?

"A. Yes mamam [sic]."

Record at 172.

We agree with the state that this testimony "lends support to the conclusion that [Disney] would have entered his plea of guilty notwithstanding his knowledge of the restitution obligation." Appellee's brief at 11. Consequently, we view any error in the proceedings as merely an error in sentencing rather than as vitiating Disney's guilty plea. Thus, the trial court did not err in finding the guilty plea was knowingly, intelligently, and voluntarily entered.

*Issue Two*

Disney next contends it was error for the trial court to have imposed the restitution obligation when no such requirement was included in the plea recommendation and such restitution was not specified in the record at the sentencing hearing. With this contention we agree.

It is clearly established that a criminal defendant has a right to be present at sentencing. Indiana Code section 35-4.-1-4-4; *Royal v. State,* (1979) Ind., 396 N.E.2d 390, *trans. denied.* It is error for a trial court to modify sentences when neither the defendant nor his attorney are present in court. *Baldock v. State,* (1978) Ind.App., 379 N.E.2d 539, *trans. denied.* Here, Disney was not present, either in person or by counsel, when the restitution requirement was imposed by the court.

The state seems to argue, without benefit of citation to authority in support of such position, that when Disney received and signed the terms of probation some three weeks after his sentencing, such was a sufficient compliance with the statute requiring the court to specify the terms of probation and to give the defendant a written statement of the terms. We disagree. We liken this procedure to that of attempting to rehabilitate a defective guilty plea hearing by evidence introduced at a post-conviction hearing. *See Barfell v. State,* (1979) Ind.App., 399 N.E.2d 377. As we hold, the time for specifying the terms of probation and furnishing Disney with the required written statement had passed.

Under our statute, the sentencing court may require restitution or reparation to the victim of the crime as a term of

probation.[5] Indiana Code section 35–7–2–1(a)(5) (1981 Supp.). When a person is placed on probation, the statute requires the court to specify in the record the conditions of probation. Indiana Code section 35–7–1–1 (1981 Supp.). We believe this requires the court to enter the conditions of probation on the record *at the sentencing.* Further, Indiana Code section 35–7–2–1(b) provides that "[w]hen a person is placed on probation, he shall be given a written statement of the conditions of his probation." We likewise believe this must be done at the time of sentencing. Although Indiana Code section 11–13–1–3 requires probation officers to "[f]urnish each person placed on probation under his supervision a written statement of the conditions of his probation and instruct him regarding those conditions," we do not believe this relieves the court of its responsibility to specify the terms of probation and to provide the defendant with a written statement of such conditions at, and as a part of, the sentencing hearing. The court's failure to specify these conditions and provide Disney with such a statement at sentencing was error.

■ It was also error for the court to include restitution or reparation as a condition of probation when there was no mention of such in the plea recommendation. The only condition of probation specified in the plea recommendation was that Disney must not commit another offense. A court is not bound to accept a plea agreement worked out by the prosecutor and defendant. However, once the court accepts such agreement, it may not change the terms. The statute relating to plea bargains clearly provides that "[i]f the court accepts a recommendation, it shall be bound by its terms." Indiana Code section 35–5–6–2(b).[6] Case law is likewise clear that when a trial court accepts a plea agreement it is bound by the terms of such agreement. *State ex rel. Goldsmith v. Marion County Superior Court,* (1981) Ind., 419 N.E.2d 109. In *Goldsmith,* the plea agreement called for an executed sentence, but the trial judge, subsequent to sentencing, granted shock probation. Our supreme court held that the trial judge could not grant shock probation after accepting such a plea recommendation unless the plea recommendation contained a specific reservation granting the judge that power. The supreme court said at 419 N.E.2d 114:

"The concept of plea bargaining contemplates an explicit agreement between the State and defendant which is binding upon both parties when accepted by the trial court. To allow the trial court to either increase or suspend the executed sentence, would deny the parties the essential purpose of their agreement. It is to the interest of both the defendant and the public to facilitate expeditious disposition of criminal cases. Strict adherence to the agreement is essential to this purpose."

We believe that the language in *Goldsmith* is applicable to this case. Here, rather than reducing or suspending further the agreed upon sentence, the court in effect increased the penalty by imposing a reparation condition which was not a part of the original explicit plea agreement. Such action did not constitute strict adherence to the agreement as mandated by *Goldsmith.* Other authorities also agree that a trial court may not later modify the substantive terms of a plea agreement. For example, "it has been held that a trial court errs in placing a defendant on probation for a period in excess of that agreed to when defendant's guilty plea was accepted." 21 Am. Jur.2d *Criminal Law* section 568 at 930 (1981). Such action is analogous to the action of the court here. While the court here did not impose a longer term of probation than agreed upon, it did impose an additional penalty as a condition of probation which went beyond the explicit agreement entered into at the sentencing hearing.

■ We do not mean to say that all of the terms of probation must be specified in

---

5. Although the court used the term "restitution," the condition here really is reparation.

6. This section was repealed effective September 1, 1982, and replaced by Ind.Code § 35–35–3–3 which contains an identical provision.

the plea agreement. It would overburden the agreement to include all of the administrative or ministerial terms such as reporting to the probation department, notifying the probation officer concerning changes in address or place of employment, supporting dependents, remaining within the jurisdiction of the court, pursuing a course of vocational training, and the like.[7] However, a condition of probation which imposes a substantial obligation of a punitive nature is indeed a part of the sentence and penalty and must be specified in the plea agreement. A requirement of restitution or reparation clearly is of such a nature. Thus, if a trial court, as here, accepts a plea recommendation which does not include or specify that restitution or reparation will be made a term of probation, the court may not impose such a condition later.

For the reasons herein stated, we reverse and remand to the trial court with instructions to grant Disney's petition for post-conviction relief to the extent that the restitution requirement be stricken from the order of probation.

YOUNG, P.J. (by designation), and NEAL, J., concur.

---

7. This list is not intended to be all inclusive, but rather is intended only as examples of the kinds of conditions which may be imposed although not specified in the agreement. However, all such conditions must be specified at the sentencing and entered of record at that time.