**Richard Allen LUCAS,
Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 03A01–8606–CR–164.**

Court of Appeals of Indiana,
First District.

Dec. 17, 1986.

Chris D. Monroe, Jurgemeyer, Voelz & Monroe, Columbus, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Richard Allen Lucas appeals from the revocation of his probation. We reverse.

## FACTS

Lucas was convicted by jury trial of driving while intoxicated resulting in a death, a class C felony.[1] On August 15, 1983, he received a five (5) year sentence, three (3) years of which were suspended, and he was placed on probation for a period of three (3) years upon release from serving the two (2) year executed sentence. Upon Lucas's release from incarceration, he was given a document dated August 14, 1984, entitled "Order of Probation" purportedly signed by a probation officer of the court. This document also bears Lucas's signature, however, it bears neither the file-mark of the court nor the signature of the judge. This "order" contained a provision prohibiting Lucas from possessing a firearm during his period of probation. However, the only terms of probation specified on the court's sentencing order were that Lucas should not operate a motor vehicle during his term of probation and that he should

---

1. Indiana Code section 9–4–1–54(b)(1) (since repealed and replaced by I.C. § 9–11–2–5).

cooperate in any alcohol rehabilitation program required by his probation officer.

On October 17, 1985, the prosecuting attorney filed a petition to revoke probation alleging Lucas had violated the terms of his probation. Following a hearing on this petition, the trial judge found Lucas had violated the terms of his probation by possessing a firearm, to-wit: a .357 magnum handgun, in violation of the order of probation dated August 14, 1984. The court thereupon revoked Lucas's probation and ordered him to serve the remainder of his sentence. Further relevant facts are stated in our discussion of the issues.

## ISSUE

The issue presented in this case, which we have re-stated, is as follows:

Did the trial court err in revoking Lucas's probation when the term of probation allegedly violated was not given to him in writing at the time of sentencing and was not specified in the order of sentence?

## DISCUSSION AND DECISION

Whenever a court places a person on probation, the court shall specify in the record the terms of probation, Ind.Code section 35–38–2–1(a), and shall give that person a written statement of the terms of probation. Indiana Code section 35–38–2–2(b). In *Disney v. State* (1982), Ind.App., 441 N.E.2d 489, we held that these statutes require the sentencing court to enter the conditions of probation on the record *at the sentencing*, and to give the person being placed on probation a written statement of the conditions of his probation *at the time of sentencing*. Further, in *Hoage v. State* (1985), Ind.App., 479 N.E.2d 1362, we held the court's failure to state upon the record the conditions of probation and to provide the defendant with a written statement of such conditions was a defect in the sentencing procedure.

■ The state cites our decision in *Boyd v. State* (1985), Ind.App., 481 N.E.2d 1124, in support of its position that the trial court did not err in revoking Lucas's probation

for violation of the terms of his probation although such terms were not stated on the record at the time of sentencing. *Boyd*, however, is distinguishable in that it involved revocation for commission of another crime while on probation. However, the condition that a defendant on probation refrain from criminal conduct is imposed by law, even in the absence of any express condition of probation imposed by the court. *Boyd*, at 1127; *Jaynes v. State* (1982), Ind.App., 437 N.E.2d 137.

■ In this case, there is no indication that Lucas's conduct which occasioned revocation of his probation was contrary to any criminal statute. Indiana Code section 35–47–2–1 provides that "a person shall not carry a handgun in any vehicle or on or about his person, except in his dwelling, on his property or fixed place of business, without a license issued under this chapter." The evidence is uncontradicted that Lucas's possession of the firearm was in his home. The state does not argue that Lucas's possession of the gun violated any criminal statute. Rather, the state's position is that he violated the written terms of his probation. However, these terms of probation were not entered into the record at the time of sentencing and were not furnished in writing to Lucas at his sentencing. Therefore, the so-called "order of probation" delivered to Lucas by a probation officer a year after his sentencing has no effect and Lucas's probation cannot be revoked for alleged violation of a non-existent term of probation.

Judgment reversed.

ROBERTSON, P.J., and NEAL, J., concur.