**David ATKINS, Jr., Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 38A02-8903-CR-97.

Court of Appeals of Indiana, Third District.

Nov. 30, 1989.

Max C. Ludy, Jr., Ludy & Bright, Portland, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Defendant-appellant David Atkins, Jr. appeals the trial court's decision revoking his shock probation.

The facts relevant to this appeal disclose that on September 15, 1987, defendant pleaded guilty to robbery, a Class B felony, and robbery, a Class C felony. Defendant was sentenced to ten years imprisonment for the Class B felony and five years imprisonment for the Class C felony. The terms were to be served concurrently.

On September 22, 1987, the defendant filed a Petition for Modification of Sentence. A hearing was held on the petition on December 10, 1987 and defendant was granted shock probation.

Subsequently, the probation supervisor requested that defendant's shock probation be revoked because defendant had violated a term of his probation which required him to obtain permission before leaving the retirement center. After a hearing on said request on October 26, 1988, the court revoked defendant's shock probation and ordered full execution of the original sentences.

The following issues will be addressed in this appeal:

(1) whether Atkins' probation officer was properly qualified under IND. CODE § 11–13–1–1 *et seq.* (1988) in order to exercise the powers of a probation officer as granted by law; and

(2) whether it was error for the trial court to revoke Atkins' probation based upon a violation of the condition requiring permission before leaving the premises of the retirement center when the condition was not given to him orally or in writing by the trial court at sentencing.

Appellant claimed there were irregularities in the proceedings to revoke his probation since his probation officer, who petitioned the court to revoke his probation, was not properly qualified as required by IND.CODE § 11–13–1–1(b). In the hearing on the petition to revoke defendant's probation, Atkins' probation officer, Bettie Jacobs, testified that she was not certified as a qualified probation officer. She was appointed in April 1984 as a probation officer but never completed the written examination which is required to be successfully completed within six months from the date of appointment.

IND.CODE § 11–13–1–1 *et seq.* requires that all probation officers meet minimum employment qualifications adopted by the judicial conference of Indiana. Specifically, IND.CODE § 11–13–1–1(b) (1988) states:

"A person may be appointed as a probation officer after the effective date established by the judicial conference of Indiana *only if that person meets the minimum employment qualifications*

*adopted by the conference,* except that this requirement does not apply to any person certified as a qualified probation officer before that effective date. Any uncertified person appointed as a probation officer after the effective date *who fails to successfully complete the written examination established under section 8 of this chapter within six (6) months after the date of his appointment is prohibited from exercising the powers of a probation officer as granted by law.*" [Emphasis added.]

Thus Bettie Jacobs is prohibited by the statutes of exercising the power of a probation officer.

At sentencing, Atkins was given the following conditions of probation orally by the trial court:

1) probation supervision to be provided by the Jay County Probation Department Circuit Court Adult Division for a period of ten years;

2) good behavior, a long term of residence, and public service work will be required at the retirement center;

3) defendant must complete his high school education;

4) defendant must continue with AA and NA meetings and other services as needed;

5) blood or urine tests or both may be required to verify defendant remains free of alcohol or controlled substances on both a scheduled and surprise basis;

6) visitation with his family will be provided for by the rules or guidelines at the retirement center and probation department;

7) defendant's time at the retirement center will continue for as long as it is reasonable and then at some future point in time, the probation department will aid in locating defendant a job in the community; and

8) once defendant is found to have adjusted to his new job, defendant may be allowed to move out of the retirement center and into a proper place.

These terms were not given to the defendant in a written statement at sentencing as required by IND.CODE § 35–38–2–2(b).

The intent of IND.CODE § 35–38–2–2(b) is to provide a defendant with prospective notice of the standard of conduct required of him or her while on probation and to prohibit the imposition of additional conditions after sentencing. *Kerrigan v. State* (1989), Ind.App., 540 N.E.2d 1251. However, the court in *Kerrigan* held that the trial court's error in not providing defendant with a written statement of the terms of probation is harmless if there is otherwise substantial compliance with the intent of IND.CODE § 35–38–2–2(b).

■ The intent of IND.CODE § 35–38–2–2(b) is achieved if the trial court satisfies the requirement in IND.CODE § 35–38–2–1(a). This statute requires: "[w]henever it places a person on probation, the court shall specify in the record the conditions of the probation." IND. CODE § 35–38–2–1(a) (1988). The trial court complied with this statute by giving defendant the above-listed conditions of his probation on the record and thus, the trial court's error in failing to provide defendant with a written statment of these terms is harmless.

■ Although the trial court did not advise defendant not to commit an additional crime as a condition of probation, it was not necessary to do so since such condition is automatically a condition of probation by operation of law without a specific provision to that effect. *Jaynes v. State* (1982), Ind.App., 437 N.E.2d 137, 139. However, it is better practice to specifically provide a defendant with this condition of probation. *Jaynes, supra,* 437 N.E.2d at 139.

■ Defendant's probation was revoked for violation of the condition of probation which read: "You shall not leave the premises of the Jay County Retirement Center unless granted permission from Mr. and Mrs. Don Hines and this department. If leaving the premises of the Retirement Center with other than employees of said Center, approval must be obtained from the Probation Department." This condition was not specified in the record at sentencing pursuant to IND.CODE § 35–38–2–1(a) or given to defendant in a written state-

ment at sentencing pursuant to IND.CODE § 35–38–2–2(b). The condition was specified in the "Terms of Shock Probation" given to the defendant four days after his sentencing by his probation supervisor.

The court in *Disney v. State* (1982), Ind. App., 441 N.E.2d 489, held that failure of the trial court to enter the conditions of probation on the record at sentencing and to provide the defendant with a written statement of the conditions of probation at sentencing was error. Although the defendant in *Disney* was provided with the terms three weeks after his sentencing, the court stated that the time for specifying the terms of probation and furnishing the defendant with the required written statement had passed. *Disney, supra,* 441 N.E.2d at 492.

Citing the *Disney* decision, the court in *Lucas v. State* (1986), Ind.App., 501 N.E.2d 480, held that a term of probation not entered into the record at sentencing and not furnished in writing to defendant at sentencing has no effect. A defendant's probation cannot be revoked for an alleged violation of a non-existent term of probation.

It was error for the trial court not to provide defendant, Atkins, with the condition of his probation requiring him to obtain permission before leaving the premises of the retirement center either orally or in writing at sentencing. Therefore, the defendant's probation cannot be revoked for a violation of this non-existent condition of his probation.

Reversed.

SHIELDS, P.J., and STATON, J., concur.