Kenneth L. BUCK, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 18A02–9105–CR–186.

Court of Appeals of Indiana, Second District.

Nov. 14, 1991.

---

Alan K. Wilson, Muncie, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

SHIELDS, Judge.

Kenneth L. Buck appeals the revocation of the suspended sentences he received pursuant to a plea agreement.

We affirm.

## ISSUE

Whether the trial court erred in revoking Buck's probation.

## FACTS

Buck pled guilty pursuant to a written plea agreement. The plea agreement provided:

> 6. The parties agree that the Defendant shall receive the following sentence: *On Count II: $150.00 fine plus Court costs; (1) year sentence at the Department of Correction, suspended on the following condition: Twenty (20) days Alternative Service. On Count III: one (1) year sentence at the Department of Correction, suspended, and consecutive with Count II.*

Record at 28 (emphasis in original).

The guilty-plea court accepted Buck's guilty pleas, fined him $150.00, assessed costs of $113.00, and sentenced him

> to one year to the Department of Correction [on Count II] suspended on the following conditions. That you give twenty days of alternative service ... [o]n the further condition of good behavior the next one year period ... count two—Court sentences you to one year to the Department of Corrections suspended on the conditions of good behavior for the next one year period ... You will be on supervised probation until your twenty days of alternative service is completed. And then you'll be on unsupervised probation for the balance of one year.

Record at 70–71. At the conclusion of the hearing Buck met with his probation officer, as ordered, who gave Buck, in writing, his "Order of Rules of Supervised Probation." Record at 29, 72.[1]

On December 26, 1989 Buck moved to Florida without notifying his probation officer and without completing his community

---

1. Buck's supervised probation was subject to, among others, the following terms:

7. Report to a probation officer at reasonable times as directed by the Court or the probation officer;
8. Permit his probation officer to visit him at reasonable times at his home or elsewhere;

9. Remain within the jurisdiction of the Court, unless granted permission to leave by the Court or his probation officer;
10. Answer all reasonable inquiries by the Court or his probation officer and promptly notify the Court or his probation officer of any change in address or employment.
Record at 29.

service. As a result, on March 2, 1990 the Probation Department filed a petition to revoke Buck's probation. Following a hearing held January 8, 1991 the trial court revoked Buck's probation because Buck failed to complete the agreed-upon alternative service and failed to inform the court of his current address as required by the written probation order. The court ordered Buck's suspended sentences executed.

## DISCUSSION

Buck claims the guilty-plea court could not place him on supervised probation because it was not specified in the plea agreement and, thus, was an improper enhancement of his sentence. Buck also claims the trial court erred in basing the revocation of his suspended sentence in part on Buck's failure to complete his community service. Buck argues he had at least until the end of the one year period of his first suspended sentence to complete the service and thus asserts the petition to revoke his suspended sentence, which was filed only four months after imposition of his sentence, was premature.

A court is bound by the terms of a plea agreement it accepts. IC 35-35-3-3(e) (1988); *see also Reffett v. State* (1991), Ind., 571 N.E.2d 1227, 1229; *Bartzis v. State* (1987), Ind.App., 502 N.E.2d 1347, 1349; *Disney v. State* (1982), Ind.App., 441 N.E.2d 489, 494. However, when a plea agreement involves probation only conditions of probation that impose a "substantial obligation of a punitive nature ... must be specified in the plea agreement." *Disney,* 441 N.E.2d at 494. "[A]dministrative or ministerial terms such as reporting to the probation department, *notifying the probation officer concerning changes in address or place of employment,* supporting dependants, remaining within the jurisdiction of the court, pursuing a course of vocational training, and the like" are proper terms of probation even though they are not specified in the plea agreement. *Id.* (emphasis added).

**2.** Community service is, by statute, one of the terms properly included as part of probation.

The factor that distinguishes probation from a suspended sentence is the imposition of conditions. *See Ewing v. State* (1974), 160 Ind.App. 138, 145 n. 3, 310 N.E.2d 571, 576 n. 3, *overruled in part by, Hoffa v. State* (1977), 267 Ind. 133, 368 N.E.2d 250. Here, the plea agreement specifically conditioned the suspension of Buck's sentence on his completion of twenty days of community service.[2] Hence, although Buck's plea agreement did not state explicitly he was to be placed on probation, the agreement implicitly granted Buck a probationary suspension of his sentence and not simply a suspended sentence. Further, the probation term Buck violated, that he inform the court of his current address, was within the sentencing court's authority to include as an administrative or ministerial term of the probationary suspension of Buck's sentence. Thus, the trial court did not err in revoking Buck's probation because he failed to inform the court of his current address.

Buck's claim the guilty plea court erred in executing his suspended sentence because he failed to complete his required community service is also without merit.

The trial court reasonably concluded from the evidence that Buck moved to Florida after performing only fifty hours of his required 160 hours of community service, without the court's consent and without advising his community service supervisor or the court of his address, that Buck did not intend to complete his agreed upon community service within the one (1) year period.

Judgment affirmed.

SULLIVAN, J., concurs.

BAKER, J., concurs.