STATE of Indiana, Appellant–Plaintiff,

v.

Cathleen A. CASS, Appellee–Defendant.

No. 71A03–9305–CR–173.

Court of Appeals of Indiana,
Third District.

June 16, 1994.
Transfer Denied Aug. 18, 1994.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Office of Atty.

Gen., Indianapolis, Michael P. Barnes, Pros. Atty., Gary L. Crone, Deputy Pros. Atty., South Bend, for appellant.

Edward C. Hilgendorf, South Bend, for appellee.

GARRARD, Judge.

The State of Indiana brings this interlocutory appeal after Cathleen A. Cass invoked her fifth amendment privilege against self-incrimination at a hearing on revocation of probation.

## FACTS AND PROCEDURAL HISTORY

On April 15, 1991, Cass pled guilty to fraud, a Class D felony, and was later given a suspended sentence of one and one half years. She was placed on probation, with standard terms, for that same period of time.

On June 30, 1991, one Cathleen Cass committed criminal conversion, a Class A misdemeanor. The State filed a petition to revoke probation on November 20, 1992 on the basis of this new offense violating the conditions of probation.

At the revocation hearing on April 21, 1993, the State called Cass as a witness. After Cass stated her name, the court advised her that she had the right to remain silent and did not have to answer any questions which could tend to incriminate her or deprive her of her liberty. Upon being asked her date of birth, Cass invoked her fifth amendment rights on the grounds that an answer could deprive her of her liberty, and the court refused to compel her to testify. The trial court certified the question for interlocutory appeal, and this court accepted jurisdiction of the case.

## ISSUE AND DISCUSSION

The State raises a single issue for our review: whether the State, at a hearing on an alleged probation violation, can require the probationer to answer questions which do not subject her to further criminal proceedings but may prove the probation violation.

■ The fifth amendment to the United States Constitution states that "no person . . . shall be compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V. It has long been held that the privilege against self-incrimination "not only permits a person to refuse to testify against himself at a criminal trial in which he is a defendant, but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Allen v. Illinois* (1986), 478 U.S. 364, 368, 106 S.Ct. 2988, 2991, 92 L.Ed.2d 296; *Minnesota v. Murphy* (1984), 465 U.S. 420, 426, 104 S.Ct. 1136, 1141, 79 L.Ed.2d 409. Thus, the extent of the privilege depends in part upon the type of proceeding in which it is claimed.

■ A probation revocation proceeding is in the nature of a civil action, as there is no formal finding of guilt or innocence, and the alleged violation need be proven only by a preponderance of the evidence. *Isaac v. State* (1992), Ind., 605 N.E.2d 144, 147. As such, a probationer is not entitled to the full array of rights afforded at trial. *Henderson v. State* (1989), Ind., 544 N.E.2d 507, 512. Nevertheless, a probationer is granted certain due process rights:

> Formal procedural and evidentiary rules required at criminal trials are not required at probation revocation hearings. There are certain due process rights, of course, which inure to a probationer at a revocation hearing. These include written notice of the claimed violations, disclosure of the evidence against him, an opportunity to be heard and present evidence, the right to confront and cross-examine adverse witnesses, and a neutral and detached hearing body. Indiana Code § 35–38–2–3(d) also ensures the probationer the right to confrontation, cross-examination, and representation by counsel.

*Isaac*, 605 N.E.2d at 148 (citations omitted).

■ The State argues that a revocation hearing is a civil proceeding, not a criminal trial, and that a probationer therefore does not have the right to refuse to testify. Moreover, the State contends that there was no violation of Cass's fifth amendment rights at the revocation hearing because the information asked of Cass would not incriminate her

in any future criminal proceeding.[1] Cass contends that she should not be compelled to be a witness against herself when her testimony may result in the deprivation of her liberty. We agree with the State and conclude that a probationer is not entitled to the fifth amendment right against self-incrimination as afforded to a defendant at a criminal trial. However, a probationer is protected by the fifth amendment from answering any questions where those answers could be used against him or her in any subsequent criminal proceedings. As Cass had already been convicted of the crime at issue, and the question asked by the State merely served to identify Cass as the perpetrator of that crime, she was not entitled to invoke her fifth amendment rights in refusing to answer this question.

This conclusion is compelled by the nature of a probation revocation hearing. A revocation hearing is not a criminal prosecution. "Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions." *Dulin v. State* (1976), 169 Ind.App. 211, 346 N.E.2d 746, 749, quoting *Morrissey v. Brewer* (1972), 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484. Any sanction imposed at a revocation hearing follows from that crime, not from the substance of new criminal allegations against the probationer. The hearing neither threatens the probationer with the stigma of a new conviction nor with punishment other than that to which he was already exposed as a result of his earlier offense. *Lucido v. Superior Court (People)* (1990), 51 Cal.3d 335, 272 Cal.Rptr. 767, 795 P.2d 1223, 1230. This reasoning is in harmony with the conclusion reached in *Ratliff v. State* (1989), Ind.App., 546 N.E.2d 309, where the evidence at the revocation hearing was obtained by the trial court judge's interrogation of the probationer. On appeal, the court held that "this process violated Ratliff's right to counsel during a probation revocation proceeding and

his right against self-incrimination *in so far as it could form the basis for a new criminal charge of non-support." Id.* at 312 n. 3 (citation omitted) (emphasis added).

Our decision also comports with the rationale set forth in *Minnesota v. Murphy,* where the Supreme Court concluded that a probationer who revealed incriminating information to his probation officer, instead of timely asserting his fifth amendment privilege, was not deterred from claiming the privilege, nor were his disclosures compelled incriminations. After noting that, if the State had told the probationer that invoking the privilege would lead to revocation of probation, the failure to assert the privilege would be excused and the probationer's compelled answers would be inadmissible in a criminal prosecution, the court went on to state:

The situation would be different if the questions put to a probationer were relevant to his probationary status and posed no realistic threat of incrimination in a separate criminal proceeding. If, for example, a residential restriction were imposed as a condition of probation, it would appear unlikely that a violation of that condition would be a criminal act. Hence, a claim of the Fifth Amendment privilege in response to questions relating to a residential condition could not validly rest on the ground that the answer might be used to incriminate if the probationer was tried for another crime. *Neither, in our view, would the privilege be available on the ground that answering such questions might reveal a violation of the residential requirement and result in the termination of probation.* Although a revocation proceeding must comport with the requirements of due process, it is not a criminal proceeding. Just as there is no right to a jury trial before probation may be revoked, *neither is the privilege against compelled self-incrimination available to a probationer.* It follows that whether or not the answer to a question about a resi-

---

1. The State's argument that a probationer has no right against self-incrimination at a probation revocation hearing is misplaced. Although this privilege is not enumerated in either the governing statute or case law, Supreme Court prece-

dent has clearly established that all individuals have the right against self-incrimination in any type of proceeding where the answers might incriminate them in future criminal prosecutions. *Allen,* 478 U.S. at 368, 106 S.Ct. at 2991.

dential requirement is compelled by the threat of revocation, *there can be no valid claim of the privilege on the ground that the information sought can be used in revocation proceedings.*

*Id.* at 435–36 n. 7; 104 S.Ct. at 1146–47 n. 7 (citations omitted) (emphasis added).

Cass maintains that she should not be compelled to be a witness against herself at the revocation hearing because her testimony may result in the deprivation of her liberty. She supports her position with the broad language found in *Application of Gault* (1967), 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, stating "our Constitution guarantees that no person shall be 'compelled' to be a witness against himself when he is threatened with deprivation of his liberty." *Id.* at 50, 87 S.Ct. at 1455. However, the Supreme Court in *Allen* clearly repudiated this far-reaching interpretation: "*Gault's* sweeping statement ... is plainly not good law.... [I]nvoluntary commitment does not itself trigger the entire range of criminal procedural protections." *Allen*, 478 U.S. at 372, 106 S.Ct. at 2994. Under a more current analysis, the State's limited questioning of Cass falls outside the protections of the fifth amendment privilege against self-incrimination.[2]

In attempting to determine the parameters of what type of questions are not subject to the protections of the fifth amendment, we note the approach taken in *State v. Heath*

(1977), Fla., 343 So.2d 13, which squarely addressed a probationer's right to remain silent at a probation revocation hearing. The court held that, by agreeing to the terms of probation, a probationer effectively waives his fifth amendment privilege with respect to information identifying himself and that information necessary for his supervision, including his place of residence and employment. *Id.* at 16. However, the privilege against self-incrimination remains applicable to specific conduct and circumstances concerning a separate criminal offense. *Id.*

■ Accordingly, we hold that, while a probationer may invoke his fifth amendment privilege against self-incrimination with regard to any questions which may incriminate him in a subsequent criminal prosecution, he is not entitled to invoke the privilege with regard to basic identifying information and any disclosures which are necessary to effectively monitor his probation. This cause is remanded with instructions to conduct a new revocation hearing consistent with this opinion.

HOFFMAN and RILEY, JJ., concur.

---

**2.** Cass's reliance on *Haskett v. State* (1970), 255 Ind. 206, 263 N.E.2d 529, is misplaced for two reasons. First, *Haskett* relied on the repudiated reasoning of *Gault*. Second, it involved a hearing in which an individual could be adjudicated a criminal sexual psychopath, and the court concluded that such a hearing was a criminal proceeding. In a probation revocation hearing, the probationer is not found to be a criminal. Rather, a determination is simply made regarding whether the conditions upon which the probationer's liberty is based have been violated.