## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 04 2017, 7:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Deborah K. Smith
Thorntown, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeffrey A. Bowles,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 4, 2017

Court of Appeals Case No.
06A05-1702-CR-411

Appeal from the Boone Circuit Court

The Honorable J. Jeffrey Edens, Judge

The Honorable Matthew C. Kincaid, Special Judge

Trial Court Cause No.
06C01-0203-FB-38

**Altice, Judge.**

## Case Summary

[1] Jeffrey Bowles appeals the revocation of his probation. Bowles presents two issues for our review, which we restate as:

> 1. Did the trial court properly determine that Bowles violated the conditions of his probation?

> 2. Did the trial court abuse its discretion in ordering Bowles to serve the balance of his previously suspended sentence?

[2] We affirm.

## Facts & Procedural History

[3] Following a jury trial in August 2003, Bowles was convicted of aggravated battery as a Class B felony and criminal recklessness as a Class D felony. On February 24, 2004, the Boone Circuit court sentenced Bowles to twenty years, with ten years executed and ten years suspended to probation. At the time of sentencing, the trial court did not enter specific terms of probation, instead deciding to advise Bowles of the specific terms after the completion of the executed portion of his sentence.

[4] Bowles was released from the DOC in February 2008. Bowles immediately began reporting to probation notwithstanding that the terms of his probation had not been entered. On July 24, 2009, the State filed a notice of probation violation based on new charges filed against Bowles in Clinton County. The State filed a second notice of probation violation on November 23, 2009, based on the filing of charges against Bowles in Clinton County for a separate incident.

[5] On March 23, 2010, the trial court conducted a hearing concerning the State's petitions to revoke probation. At that hearing, the State moved to dismiss the petitions after discovering that Bowles had not been advised of the conditions of his probation upon his release in 2008. Bowles was then advised of the conditions of his probation in open court and in writing. Bowles expressed no objection to this procedure, nor did he appeal. According to Bowles's probation officer, Bowles's attorney and the prosecutor agreed that the ten-year probation period would start that day.

[6] On September 28, 2011, the State filed a petition to revoke probation and later filed an addendum to the petition on December 12, 2011, the basis for which was that Bowles failed to report to probation and that he tested positive on a urine drug screen. In January 2012, Bowles admitted to violating the terms of his probation and the trial court set a hearing to determine sanctions. After an agreed continuance, the sanctions hearing was held on July 23, 2013, at which time the trial court ordered Bowles to serve 264 days, which, with credit time, amounted to time served. Bowles was returned to probation "under the same terms and conditions." *Appellant's Appendix* at 78.

[7] The State filed another petition to revoke probation on October 16, 2013, alleging that Bowles tested positive on a drug screen. An addendum to the petition was filed on November 25, 2013, alleging that Bowles tested positive for alcohol consumption and that he had been charged with Class D felony possession of chemical reagents or precursors with intent to manufacture a controlled substance. Bowles admitted to the violations. On September 23,

2014, the trial court sanctioned Bowles to 138 days, which again, with credit time, amounted to time served. Bowles was again returned to probation.

[8] On December 11, 2015, the State once again filed a petition to revoke Bowles's probation alleging that on November 2, 2015, Bowles had been charged in Clinton County under cause 12C01-1511-F6-1031 (Cause F6-1031) with Level 6 felony maintaining a common nuisance, Level 6 felony unlawful possession of a syringe, Class A misdemeanor possession of a synthetic drug or synthetic drug lookalike substance, and Class C misdemeanor possession of paraphernalia. The petition also alleged that Bowles had missed a probation appointment on October 23, 2015.

[9] On January 5, 2016, the State filed an addendum to the December 11 petition, this time alleging that on October 5, 2015, Bowles had been charged in Clinton County with six offenses under cause 12C01-1510-F5-917 (Cause F5-917), including three counts of Level 5 felony dealing in methamphetamine, Level 6 felony unlawful possession of a syringe, Level 6 felony maintaining a common nuisance, and Class C misdemeanor possession of paraphernalia.[1]

[10] On October 31, 2016, Bowles filed two motions to dismiss the petition to revoke his probation and addendum. In the first, Bowles argued that dismissal

---

[1] Ultimately, Bowles pled guilty as charged under Cause F6-1031 and to three counts of Level 6 felony dealing in methamphetamine under Cause F5-917. The Clinton Circuit Court sentenced Bowles to two years under each cause and ordered that the sentences be served consecutive to each other and to any sanction that might be imposed in this cause.

of the petition and the addendum was required because the court could not add probation terms post sentencing. In the second, Bowles argued that the January 5, 2016 addendum was untimely filed. The trial court held a hearing on November 1, 2016, at which Bowles denied the allegations in the petition and the addendum, and the court heard argument concerning his motions to dismiss. The trial court denied the motion to dismiss based on timeliness at the conclusion of the hearing and entered an order denying the motion to dismiss based on the delay in setting terms of probation a few days later.

[11] On November 14, 2016, the trial court conducted a hearing on the allegations that Bowles violated the terms of his probation. On December 7, 2016, the trial court issued its order finding that Bowles had violated probation by committing new crimes under two separate causes in Clinton County. The trial court conducted a sanction hearing on January 27, 2017, at which the trial court heard testimony from Bowles's probation officer, his sister, and Bowles himself. The State's evidence outlined Bowles's participation in substance-abuse recovery programs since 1989, the credit time awarded Bowles when sanctioned for previous probation violations, his criminal convictions spanning from 1990 to 2014, the conditions of probation, his history of probation violation allegations, and the judgments of conviction for Causes F6-1031 and F5-917. Bowles presented evidence that he had completed a jail-based addiction treatment program in Boone County in 2016, an anger management program, a sixty-day alcohol and drug treatment program, and Celebrate Recovery Inside program. At the conclusion of the hearing, the trial court ordered Bowles to

serve the balance of his previously suspended ten-year sentence. Bowles now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

### Revocation

[12] Bowles first argues that despite having been provided the terms and conditions of his probation verbally and in writing over five years before the petitions to revoke his probation at issue here, he cannot be found to have violated the terms of his probation for committing multiple new crimes because the trial court was without authority to set the conditions of his probation more than two years following the completion of the executed portion of his sentence. In so arguing, Bowles seems to suggest that his probation is invalid because he was not advised of the terms thereof at the time of sentencing. The State responds that this argument is waived and otherwise without merit.

[13] It is true that Ind. Code § 35-38-2-1(a) requires that when a court places a person on probation, the court "shall . . . specify in the record the conditions of probation." *See also Ratliff v. State*, 546 N.E.2d 309, 311 (Ind. Ct. App. 1989) (noting that I.C. § 35-38-2-1(a) "imposes upon the sentencing court a duty to specify the conditions of probation in the record at the time it places a defendant on probation"), *trans. denied*. The intent of this statutory requirement is "to provide a defendant with prospective notice of the standard of conduct required of him or her while on probation and to prohibit the imposition of

additional conditions after sentencing." *Atkins v. State*, 546 N.E.2d 863, 865 (Ind. Ct. App. 1989).

[14] Even assuming that the trial court erred in delaying to set the terms and conditions of probation until after Bowles completed the executed portion of his sentence, Bowles is not entitled to the relief he seeks. We first observe that when Bowles appeared before the court in March 2010, he was advised in open court and in writing of the conditions of his supervised probation. Bowles was represented by counsel and made no objection to entering the terms and conditions of probation at that time and he did not pursue an appeal thereafter. Further, subsequent to being so advised, Bowles admitted to violating the terms of his probation on two different occasions and accepted the court's sanction each time. In neither of the two previous revocation proceedings did Bowles contend that the trial court lacked authority because the terms of probation were not provided to him at the time of sentencing.

[15] In addition to this seeming acquiescence in the procedure used by the trial court, we also observe that I.C. § 35-38-1-2(b)(1) provides trial courts with authority to amend the terms of supervised probation at any time. Thus, when Bowles came before the trial court in March 2010, the trial court had authority to amend the terms of probation.

[16] In any event, Bowles seems to concede that his arguments that his probation was invalidated because of the delay in setting the terms and conditions of his probation are merely academic as he was found to have violated his probation

by committing a new criminal offense within ten years after his release from incarceration. Indeed, Bowles acknowledges that it has long been the law in this state that the commission of a new crime is "automatically a condition of probation by operation of law without a specific provision to that effect." *Atkins*, 546 N.E.2d at 865. Thus, although it is better practice to advise a defendant that a condition of probation is to not commit a new crime, it is "not necessary" to advise of such condition. *Id.* (citing *Jaynes v. State*, 437 N.E.2d 137, 139 (Ind. Ct. App. 1982)).

[17] The probation violations at issue here are based on the commission of additional crimes. Bowles ultimately pled guilty and has been sentenced for the crimes giving rise to the petitions to revoke. It was not necessary to have advised Bowles that commission of new crimes constituted a violation of probation. Further, the violations occurred within ten years of Bowles's release from incarceration. Thus, the delay in advising Bowles of the terms and conditions of his probation had no effect on the outcome of these probation revocation proceedings.[2] The trial court properly found that Bowles violated his probation by committing new criminal offenses in Clinton County.

**Sanction**

---

[2] On appeal, Bowles does not challenge the trial court's determination that the January 2016 petition to revoke probation was timely filed.

[18]     Bowles also argues that the trial court abused its discretion in ordering him to serve the balance of his previously suspended sentence as a sanction for his probation violations. We review a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion. *Jones v. State*, 838 N.E.2d 1146, 1148 (Ind. Ct. App. 2005). An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances before the court. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Moreover, "[o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Id*. "If the court finds the defendant has violated a condition of his probation at any time before the termination of the probationary period, and the petition to revoke is filed within the probationary period, then the court may order execution of the sentence that had been suspended." *Gosha v. State*, 873 N.E.2d 660, 664 (Ind. Ct. App. 2007); *see also* I.C. § 35-38-2-3(h).

[19]     Citing *Puckett v. State*, 956 N.E.2d 1182 (Ind. Ct. App. 2011), Bowles argues that the trial court abused its discretion in considering past and dismissed probation violations in deciding his sanction for the instant probation violations. *Puckett*, however, does not stand for the notion that trial courts cannot consider the serial nature of criminal conduct in deciding the sanction to impose upon finding a violation of probation.

[20]     Here, at the sanctions hearing, the State presented the order from the Clinton Circuit Court entering judgment against Bowles upon his guilty pleas in Cause F6-1031 and Cause F5-917 as the bases for revocation of Bowles's probation.

In addition, the State presented evidence that Bowles had accumulated seventeen adult criminal convictions between 1990 and 2014, not including the convictions that were the bases for the petitions to revoke probation. Regarding the criminal offenses that were the bases of the petitions that were dismissed in 2010, the State offered documents showing that Bowles was convicted under one of those causes. Moreover, Bowles's probation officer maintained that the alternatives to executed time were not appropriate in light of Bowles's lengthy criminal history. At the conclusion of the evidence at the sanctions hearing, the trial court ordered Bowles to serve the balance of his suspended sentence without making any express reference to prior or dismissed probation violations.[3] Even if the trial court did consider such, the serial nature of Bowles's criminal history was relevant and a proper consideration. Bowles has not established that the trial court considered improper factors, let alone multiple improper factors as found by the court in *Puckett*.

[21] Bowles also takes issue with the fact that "[t]he trial court made no specific record as to what evidence the trial court relied upon to revoke the probation and order the suspended sentence, ten (10) years, executed." *Appellant's Brief* at 21. Bowles does not acknowledge, however, that "a detailed sentencing statement following revocation of probation is not required when reinstating a portion of an already imposed sentence, and that a written statement indicating

---

[3] Bowles directs us to references to the past and dismissed probation violations included in the trial court's order finding Bowles violated his probation. That order did not address the sanction to be imposed.

the trial court, following a probation revocation, considered alternatives to incarceration is not necessary." *Castillo v. State*, 67 N.E.2d 661, 665 (Ind. Ct. App. 2017), *trans. denied*.

[22] Finally, Bowles points to his own testimony and his evidence that he had recently completed several programs in DOC. He argues that the trial court failed to explain why, in light of his recent participation in various programs, he should serve the balance of his suspended sentence.

[23] As noted above, we review a trial court's decision in this regard for an abuse of discretion. The record demonstrates that over the years, Bowles has squandered multiple opportunities to reform his conduct through various programs. His probation officer testified that Bowles maintains that he does not have a substance abuse problem and that he does not need treatment even when confronted with positive substance screens. We further note that Bowles has been extended grace on several occasions and yet, he continues to commit new crimes. The trial court did not abuse its discretion in crediting the State's evidence showing Bowles's numerous failures to rehabilitate and his lengthy and significant criminal history over Bowles's self-reports of successful home detention and recent participation in various programs while incarcerated.[4]

---

[4] To the extent Bowles argues that he should "be given credit" for time served on probation prior to March 23, 2010, when the probation terms were presented to him, his argument is without merit. *Appellant's Brief* at 16. Ind. Code § 35-50-6-6 provides that a person does not earn credit time while on probation. To the extent Bowles requests an order that the record "accurately reflect that his probation began upon his release from the Indiana Department of Corrections [sic] in February of 2008," we find such request to be moot as the trial court ordered Bowles to serve the balance of his suspended sentence on probation. *Appellant's Brief* at 26.

Judgement affirmed.

Baker, J. and Bailey, J., concur.

---

Hence, when the probation period commenced is of no consequence because when he completes the sanction imposed, there will be no remaining period of probation.