**Laura L. MALONE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 83A01–9102–CR–25.

Court of Appeals of Indiana, First District.

May 21, 1991.

---

1. There are three related actions concerning this matter.

Bruce V. Stengel, Clinton, for appellant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Laura L. Malone (Malone) appeals from the order which revoked her probation and reinstated her previously suspended sentence. We affirm.

Malone pled guilty to several felony counts in a negotiated plea agreement which stated she was to be placed on probation for a five-year period but which did not specify the terms of probation. The trial court informed Malone that a concurrent term of five years would be imposed but the sentence would be suspended and the court would make the rules of probation. Malone indicated she understood the procedure. The trial court took the plea under advisement pending the pre-sentence report but ultimately accepted the plea agreement. At that time, the trial court specifically imposed the condition of probation that Malone "totally abstain from the use or possession of alcohol or any controlled substance unless prescribed by a physician." Malone accepted these conditions in open court, and the trial judge released her on probation.

The county probation officer subsequently filed a motion for revocation of Malone's probation in which he alleged Malone "had an alcoholic beverage sitting in front of her on a table and her breath smelled strongly of alcohol." A police officer testified to that effect at the probation revocation hearing. The trial court then found Malone had violated the condition of her probation that she abstain from the consumption of alcohol and ordered her original sentence be executed.

### DECISION

Malone first claims the trial court improperly imposed the alcohol abstention condition on her because the court was bound by the plea agreement when it was accepted and the plea agreement did not include that condition. We agree that when the trial court accepts a plea agreement, it is bound by its terms. Ind.Code 35–35–3–3(e). However, this restriction is tempered by the power of the trial court to

modify the conditions of probation at any time. I.C. 35–38–2–1(b)(1). The trial court remained within the ambit of the negotiated plea agreement when it placed Malone on probation. If we were to follow Malone's logic, the trial court could never have properly revoked her probation because the plea agreement did not provide for such an event. Of course, this is not the case.

■ Malone contends that, to be enforceable, the condition listed above must have been included in the plea agreement itself because it is punitive in nature. We do not agree. We recently found a urine drug test is not penal in nature when drug treatment has been ordered. *Bryce v. State* (1989), Ind.App., 545 N.E.2d 1094. We likewise conclude that an order of abstention from the use of alcohol is not penal or punitive but is a condition reasonably related to the probationer's rehabilitation. I.C. 35–38–2–2(a)(14). We therefore conclude the trial court properly imposed this particular condition of probation upon Malone.

■ Malone next claims the trial court improperly revoked her probation because it failed to provide her with written conditions of probation at sentencing. The trial court orally stated the conditions on the record in compliance with I.C. 35–38–2–1(a). *Ratliff v. State* (1989), Ind.App., 546 N.E.2d 309. However, the record does not reveal she was given a written statement of those conditions at sentencing, as required by I.C. 35–38–2–2(b). *Id.* Nevertheless, Malone was not harmed by the omission. The oral advisement on the abstention from the use of alcohol 1) apprised her, in adequately definite terms, the behavior required of her; 2) was addressed to her; 3)was administered by the sentencing court; and 4) was identified as a condition of her continued probation. *Id.* The advisement therefore fulfilled the notice function of the statute, and the trial court committed no error when it revoked Malone's probation for failure to abide by that condition.

■ Malone finally claims the trial court could not properly have revoked her probation because the motion to revoke was filed by her probation officer, who has no specific statutory authority to do so. We find no error here. The applicable probation revocation statutes speak in terms of what may occur when the petition to revoke probation is filed and not in terms of who may file it. However, the applicable statute unequivocally states that the court shall conduct a hearing on the alleged violation, that the state must prove the violation by a preponderance of the evidence, and that the court may revoke the probation if the person has violated a condition of probation. I.C. 35–38–2–3. In addition, a probation officer is to notify the court when a violation of a condition of probation occurs. I.C. 11–13–1–3(7). In light of the fact that the state must still prove a violation of the condition by a preponderance of the evidence and that the trial court must conduct a hearing and determine if the violation in fact occurred, we do not consider it error for the probation officer to notify the court about a violation of a condition of probation by filing a petition or a motion to revoke the probation.

Judgment affirmed.

RATLIFF, C.J., and BAKER, J., concur.