Gilbert B. NOETHTICH, Appellant–Defendant

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–9609–CR–555.

Court of Appeals of Indiana.

Feb. 11, 1997.

Thomas L. Hulse, Christopher A. Cage, Anderson, for Appellant-Defendant.

Pamela Carter, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellee-Plaintiff.

## OPINION

ROBERTSON, Judge.

Gilbert B. Noethtich appeals the revocation of his probation. He presents the following issues:

I. Whether a probation officer has the authority to initiate proceedings to revoke probation.

II. Whether the filing of a request to revoke probation by a probation officer violates the separation of functions doctrine of Article 3, Section 1, of the Indiana Constitution.

III. Whether the filing of a pleading, which alleges a violation of probation and requesting that a defendant's probation be revoked, results in the unauthorized practice of law.

We affirm.

The evidence reveals that Noethtich pled guilty to two counts of dealing in cocaine as class B felonies. He received concurrent, six-year sentences, with all six years suspended. The court placed Noethtich on probation for the six-year term. Later, the court revoked Noethtich's probation but then modified his sentence and returned him to probation.

Eventually, a probation officer filed with the trial court a *"NOTICE OF PROBATION VIOLATION"* in which the probation officer recommended to the court that Noethtich's probation be revoked and that the original sentence, suspended at the time of sentencing, be executed. The trial court heard evi-

dence and argument. The court then revoked the suspended portion of Noethtich's sentence and ordered him incarcerated for the balance of his original sentence.

## I

Noethtich first claims that a probation officer should not have authority to initiate proceedings to revoke probation. The pertinent portion of the Indiana statute provides:

> (a) The court may revoke a person's probation if:
>
> (1) the person has violated a condition of probation during the probationary period; and
>
> (2) the petition to revoke probation is filed during the probationary period ...

Ind.Code 35–38–2–3. When a petition is filed charging a violation of a condition of probation, the court may issue a summons or warrant. I.C. 35–38–2–3(b)(1) and (2).

■ Noethtich first notes that the probation officer did not file a "petition to revoke probation" but instead filed a *"NOTICE OF PROBATION VIOLATION."* While the probation officer used a heading other than the designation "petition to revoke probation" in the document filed with the trial court, we do not consider the heading to be dispositive of whether the proceedings below were improper. By way of definition, a petition is:

> A written address embodying an application or prayer from the person or persons preferring it, to the power, body, or person to whom it is presented, for the exercise of his or their authority in the redress of some wrong, or the grant of some favor, privilege, or license ...

* * *

> A formal, written application to a court requesting judicial action on a certain matter. An application made to a court ex parte, or where there are no parties in opposition, praying for the exercise of the judicial powers of the court in relation to some matter which is not the subject for a suit or action, or for authority to do some act which requires the sanction of the court ...

BLACK'S LAW DICTIONARY 1031 (5th ed.1979). Here, the probation officer's document notified the trial court of a violation of a condition of probation. *See* I.C. 11–13–1–3(7). The document further applied to the court for the exercise of its judicial power to conduct revocation proceedings. We conclude that the form of the document does not control the result of the case because the substance of the document demonstrates that it was a petition to revoke probation. *See Wilson v. Wilson,* 169 Ind.App. 530, 534, 349 N.E.2d 277, 280 (1976) (the fact that a party filed a "petition" rather than a "motion," as it is called by T.R. 60(B), is not controlling; a motion is just an application to a court for an order particularly describing the relief sought and the grounds therefor).

■ Noethtich next cites I.C. 11–13–1–3(7), which provides that, "[a] probation officer shall notify the court when a violation of a condition of probation occurs." He maintains that the statute does not specifically grant authority to a probation officer to initiate legal proceedings to revoke probation and that, absent such authority, the probation officer may not do so. He also cites I.C. 35–38–2–3, which states that a court may revoke a person's probation if "the petition to revoke is filed." Noethtich maintains that the silence of the statutes, as to who may or may not file a petition, should not be construed as authorization for a probation officer to do so. He asserts that the prosecutor is the only person who should have the authority to file a petition to revoke probation.

Our supreme court has noted that I.C. 35–38–2–3 does not specify who is to file a petition for probation revocation but common practice is that it may be filed by either the probation officer or the prosecuting attorney. *Isaac v. State,* 605 N.E.2d 144, 147 (Ind.1992) (citing *Malone v. State,* 571 N.E.2d 329 (Ind. Ct.App.1991), and *Dalton v. State,* 560 N.E.2d 558 (Ind.Ct.App.1990)). This Court has stated:

> The applicable probation revocation statutes speak in terms of what may occur when the petition to revoke probation is filed and not in terms of who may file it. However, the applicable statute unequivocally states that the court shall conduct a

hearing on the alleged violation, that the state must prove the violation by a preponderance of the evidence, and that the court may revoke the probation if the person has violated a condition of probation. I.C. 35–38–2–3. In addition, a probation officer is to notify the court when a violation of a condition of probation occurs. I.C. 11–13–1–3(7). In light of the fact that the state must still prove a violation of the condition by a preponderance of the evidence and that the trial court must conduct a hearing and determine if the violation in fact occurred, we do not consider it error for the probation officer to notify the court about a violation of a condition of probation by filing a petition or a motion to revoke the probation.

*Malone v. State,* 571 N.E.2d 329, 331 (Ind.Ct. App.1991). The trial court committed no error when it proceeded to consider the matters filed by the probation officer. Noethtich has not established that he is entitled to relief on this issue.

## II

Noethtich claims that probation officers are employed by the court, serve at the pleasure of the appointing court, and are directly responsible to and subject to the orders of the court. He asserts that permitting an employee of the court to initiate proceedings to revoke probation in the court which employs her casts a shadow on the requirement that probation revocation hearings be conducted before a neutral and detached hearing body.

■ Probation is a matter of grace and a conditional liberty which is a favor, not a right. *Johnson v. State,* 659 N.E.2d 194, 198 (Ind.Ct.App.1995). The court determines the conditions of probation and may revoke probation if those conditions are violated. *Isaac,* 605 N.E.2d at 146 (citing I.C. 35–38–2–1 to 3). As a part of its supervisory duties, the court appoints probation officers who are directly responsible to the court and subject to its orders. *Id.* (citing I.C. 11–13–1–1). One of many due process rights which inures to a probationer at a revocation hearing is the right to a neutral and detached hearing body. *See Medicus v. State,* 664 N.E.2d

1163, 1164 (Ind.1996) (citing *Black v. Romano,* 471 U.S. 606, 609–11, 105 S.Ct. 2254, 2257, 85 L.Ed.2d 636 (1985); *Gagnon v. Scarpelli,* 411 U.S. 778, 780–82, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656 (1973)).

■ A trial court does not cease to be a neutral and detached hearing body merely because a probation officer, over which the court has supervisory authority, may initiate probation revocation proceedings before the court. One of our prior statutes provided that a trial court, within the prescribed period:

> may issue a warrant and cause the defendant to be arrested and brought before the court. If it shall appear that the defendant has violated the terms of his probation or has committed another offense, the court may revoke the probation or suspension of sentence and may impose any sentence which might originally have been imposed.

*State ex rel. Wilson v. Lowdermilk,* 245 Ind. 93, 99, 195 N.E.2d 476, 479 (1964) (citing Burns' § 9–2211 (1956 Repl.)). Under the statute, our supreme court disposed of the following issue:

> Relator contends that no affidavit was filed, nor any hearing held prior to the issuance of a bench warrant for the defendant to be brought before the court for a hearing on the revocation of the suspension. There is nothing in the statute requiring that a verified petition be filed before a suspension may be revoked. So far as appears in the statute, the court may initiate a hearing on its own motion and in the exercise of its discretion. (Burns' Sec. 9–2211)

*Id.* at 100, 195 N.E.2d at 479. If a trial court did not act improperly under the above statute when it initiated a hearing on its own motion, then we likewise conclude that the trial court in the present case did not act improperly when it considered a petition from its own probation officer.

■ Moreover, our supreme court has determined that a trial judge who calls and questions the trial court's own probation officer, where a prosecutor refuses to present the evidence, does not abandon his role as

neutral fact finder and thereby violate the probationer's due process right to a hearing before a neutral and detached hearing officer. *Isaac,* 605 N.E.2d at 148–150. A probation revocation hearing is not to be equated with an adversarial criminal proceeding. *Id.* at 149. It is a narrow inquiry, and its procedures are to be more flexible. *Id.* To deny a court power to enforce obedience to its lawful orders is to nullify its effectiveness as an independent branch of government. *Id.* The power of a court to enforce compliance with its orders duly entered is inherent. *Id.*

In the present case, the trial court did not cease to be a neutral and detached hearing body merely because its probation officer initiated the probation revocation proceedings. The flexible procedures utilized here allowed the trial court to enforce obedience to its lawful orders.

■ Noethtich claims that the court in *Isaac* noted a distinction which is critical to the present case:

> The lessons of these examples is that where the matter being decided is immediately within the knowledge or view of the judge or his officers, due process permits the judge to deal more directly with the matter than would be the case if the events under consideration occurred farther away from the judge's purview.

*Isaac,* 605 N.E.2d at 148. Noethtich maintains that the act which constitutes the alleged violation of his probation occurred outside the purview of the trial court and its probation officer, allegedly through the submission of a urine specimen to an agency which is not under the control of either the court or its probation department. Noethtich therefore asserts that due process does not permit the trial court to deal so directly with the initiation of probation proceedings as to allow its probation officer to file a petition to revoke probation. Noethtich has identified a tension which exists between the ability of the court to enforce obedience to its lawful orders and the requirement that the court maintain its judicial role and not take on the role of a prosecutor. The critical right concerned here is the right to a neutral and detached hearing body. *See Medicus,*

664 N.E.2d at 1164. As we observed above, the trial court in the present case did not cease to be a neutral and detached hearing body merely because its probation officer initiated the probation revocation proceedings. As we discuss below, the trial court did not exercise any of the functions of a prosecutor but only those of the judiciary when it enforced its own orders. A trial judge is not transformed into a prosecutor merely because its probation officer may initiate revocation proceedings. *See Isaac,* 605 N.E.2d at 149 (a trial judge is not transformed into a prosecutor by calling and asking questions of the court's own probation officer to determine whether the court's probation order has been violated). Therefore, the proceedings did not allow the trial court to abandon its role as a neutral and detached body and did not violate due process. Noethtich has not established that he is entitled to relief on this issue.

■ Noethtich also asserts that the submission of a request to revoke probation by a probation officer of the court violates the separation of functions doctrine of Article 3, Section 1, of the Indiana Constitution, which provides:

> The powers of the Government are divided into three separate departments; the Legislative, the Executive including the Administrative, and the Judicial; and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided.

Despite Noethtich's contentions to the contrary, the flexible procedures utilized here allowed the trial court to enforce obedience to its lawful orders. We conclude that the trial court exercised only those functions of the Judicial department and not those any of any other department. For the reasons stated, the trial court committed no error when it proceeded to consider the petition to revoke Noethtich's probation.

### III

■ Noethtich next claims that to allow a probation officer to file a petition to revoke probation is to allow the officer to engage in

the unauthorized practice of law. He maintains that the decision of whether or not to file such a petition necessarily involves legal analysis and judgment about whether the allegation in the petition is meritorious. He claims that nothing in the applicable statutes should be construed as authorization for a probation officer to perform the functions of an attorney. He asserts that the probation officer's document is a legal nullity.

The core element of practicing law is the giving of legal advice to a client, and merely entering into such relationship constitutes the practice of law. *State ex rel. Disciplinary Commission of the Supreme Court of Indiana,* 486 N.E.2d 1012, 1013 (Ind.1986). "The practice of law involves the advising or rendering services for another." *Groninger v. Fletcher Trust Co.,* 220 Ind. 202, 207, 41 N.E.2d 140, 141 (1942).

As a part of its supervisory duties, the court appointed the probation officer who was directly responsible to the court and subject to its orders. The trial court was a neutral and detached hearing body which functioned in a judicial capacity and did not take on the role of a prosecutor merely because its probation officer initiated revocation proceedings. Under the circumstances, the probation officer took action on behalf of the trial court, which action allowed the trial court to enforce obedience to its lawful orders. The probation officer did not render legal advice to a client and did not engage in the practice of law before the court.

Judgment affirmed.

NAJAM, J., concurs.

SULLIVAN, J., concurs as to Issue III and concurs in result as to Issues I and II.