## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 25 2019, 9:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Derick W. Steele
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jason A. Smith, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | November 25, 2019 <br><br> Court of Appeals Case No. 19A-CR-630 <br><br> Appeal from the Howard Superior Court <br><br> The Honorable William C. Menges, Jr., Judge <br><br> Trial Court Cause No. 34D01-1705-F6-564 |

**Bailey, Judge.**

# Case Summary

Jason A. Smith ("Smith") challenges the procedures that led to the revocation of his probation. Smith contends that (1) a document filed with the trial court did not amount to a petition to revoke, and, even if it did, (2) the person who filed the document lacked statutory authority to file a petition to revoke.

We affirm.

# Facts and Procedural History

In April 2018, Smith reached a plea agreement with the State, agreeing to plead guilty to a Level 6 felony offense. The agreement provided for a two-year suspended sentence and specified that Smith "shall be placed on supervised probation for his suspended sentence with the specific condition he complete the Men's Non-Violence Education Group Classes." App. Vol. II at 44. In May 2018, Smith pleaded guilty. The trial court accepted the plea agreement and the plea of guilty, and sentenced Smith as provided in the plea agreement.

In July 2018, the State filed a petition to revoke, alleging Smith violated the conditions of probation. Smith and the State reached an agreement: Smith would admit to a violation, serve 120 days of the suspended sentence, and "return to probation with all previous conditions in full force and effect." Tr. at 21. Smith admitted to the violation and the court accepted the agreement.

On December 5, 2018, Michael Holsapple ("Holsapple")—lead facilitator for a Howard County Non-Violence Education Program—filed a document alleging

Smith failed to comply with the rules of the court-ordered program. In a handwritten paragraph, Holsapple described the alleged violation. The paragraph contains the word "alcohol" on the first line. App. Vol. II at 58.

[6] The trial court held an initial hearing in January 2019, at which Smith acknowledged he understood the allegations against him and the potential penalties. The trial court later held a fact-finding hearing at which Holsapple testified Smith showed up for a group session with slurred speech and "a very distinct odor of alcohol about his person." Tr. at 38. Holsapple opined that Smith was intoxicated, in violation of the program rules. Among the evidence was a copy of the rules, which listed several "behaviors" that "may result in . . . termination from the program," among them, "[i]nability to participate in [the] program due to impairment from . . . alcohol." Exhibit Vol. I at 4.

[7] The court concluded that Smith violated the conditions of his probation. The court revoked Smith's probation and ordered him to serve 120 days of the suspended sentence. The court also imposed an extended term of probation.

[8] Smith now appeals.

# Discussion and Decision

[9] A trial court has discretion to suspend a sentence and impose probation. *See generally* Ind. Code §§ 35-38-1-7.1(b), -1-31(a)(2). Probation is "a matter of grace and a conditional liberty that is a favor, not a right." *State v. Vanderkolk*,

32 N.E.3d 775, 777 (Ind. 2015) (quoting *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999)).  Indiana Code Section 35-38-2-3(a) provides as follows:

> The court may revoke a person's probation if:
>
>> (1) the person has violated a condition of probation during the probationary period; and
>>
>> (2) the petition to revoke probation is filed during the probationary period or before the earlier of the following:
>>
>>> (A) One (1) year after the termination of probation.
>>>
>>> (B) Forty-five (45) days after the state receives notice of the violation.

Upon a petition to revoke probation—unless the probationer has waived a hearing—"the court shall conduct a hearing concerning the alleged violation." I.C. § 35-38-2-3(d).  That hearing is civil in nature, with the State obligated to "prove the violation by a preponderance of the evidence."  I.C. § 35-38-2-3(f).[1]

---

[1] The revocation statute also provides that "[a] person who is not admitted to bail pending the hearing may not be held in jail for more than fifteen (15) days without a hearing on the alleged violation of probation." I.C. § 35-38-2-3(d).  Smith cursorily asserts that he was "held beyond the statutorily required maximum fifteen (15) days without a hearing on the violation." Br. of Appellant at 9.  The Chronological Case Summary shows (1) Smith was arrested on January 3, (2) an initial hearing was held on January 14, and (3) a fact-finding hearing was held on February 5.  During the proceedings below, Smith did not object to the timeline—and he does not develop argument that the initial hearing failed to satisfy the statutory mandate. To the extent Smith suggests he is entitled to relief on this basis, the claim is waived.  *See In re N.G.*, 51 N.E.3d 1167, 1173 (Ind. 2016) (discussing waiver); *see also* Ind. Appellate Rule 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning.").

[10] We review decisions to revoke probation for an abuse of discretion, which occurs "where the decision is clearly against the logic and effect of the facts and circumstances or when the trial court misinterprets the law." *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013) (cleaned up). However, to the extent an issue turns on a question of law—such as the interpretation of a statute—we engage in *de novo* review. *Rodriguez v. State*, 129 N.E.3d 789, 793 (Ind. 2019).

[11] Smith challenges the procedure that led to the revocation of his probation.[2]

## Adequacy of the Filing

[12] Indiana Code Section 35-38-2-3(a) provides that the trial court "may revoke a person's probation if . . . the petition to revoke probation is filed" within the allotted time. Smith asserts that the filing "was not a motion or petition to revoke" and so the revocation proceedings were improper. Br. of Appellant at 10. Smith directs us to a dictionary definition for "petition," asserting that a petition "is an ex-parte communication with the court **with a prayer for relief**."

---

[2] In a footnote, Smith claims that he "arguably had no obligation to comply with the Men's Non-Violence Program after completing [the 120-day executed] sentence" imposed as a sanction for the first violation. Br. of Appellant at 11. Smith asserts that "[n]othing in the oral sentencing [remarks], the written sentencing order, or abstract of judgment placed Smith back on probation, or ordered him to continue to comply with the Men's Non-Violence Program." *Id.* Smith falls short of requesting relief on this basis and has waived any such argument by presenting it for the first time on appeal. *See Leonard v. State*, 80 N.E.3d 878, 884 n.4 (Ind. 2017). We nevertheless observe that the plea agreement for the Level 6 felony offense left nothing to the discretion of the trial court and required that Smith "complete the Men's Non-Violence Education Group Classes" as a condition of probation. App. Vol. II at 44. After the first petition to revoke, the court accepted another deal Smith made with the State whereby Smith would admit to a violation in exchange for an agreed sanction of 120 days executed and a "return to probation with all previous conditions in full force and effect." Tr. at 21. Smith answered affirmatively when asked if that was his understanding of the deal. Thus, for the foregoing reasons, we conclude that completing the program was a condition of Smith's probation.

*Id.* (emphasis added).  Smith claims the document "does not follow any approved form, nor does it contain a prayer for relief from the trial court."  *Id.*

[13]  Smith has waived this argument by presenting it for the first time on appeal. *See, e.g.*, *Reynolds v. Reynolds*, 64 N.E.3d 829, 834 (Ind. 2016) ("Appellants may not sit idly by and raise issues for the first time on appeal.").  Nevertheless, "the form of the document does not control" whether the document amounts to a petition to revoke.  *Noethtich v. State*, 676 N.E.2d 1078, 1080 (Ind. Ct. App. 1997).  Rather, "the substance of the document" controls.  *Id.*  Here, Holsapple filed a document titled "Notice of Violation of Non-Violence Intervention Program."  App. Vol. II at 58.  Holsapple stated that Smith "was ordered to complete the Howard County Non-Violence Intervention Program as a condition of release pending trial or as a condition of probation," and alleged that Smith had violated rules, regulations, or conditions of the program.  *Id.* Holsapple affirmed, under penalties of perjury, that his assertions were true.  *Id.*

[14]  Ultimately, Holsapple intentionally invoked the power of the court by alleging Smith violated the conditions of probation.  Our supreme court has recognized that revocation procedures "are to be more flexible."  *Isaac v. State*, 605 N.E.2d 144, 149 (Ind. 1992).  Moreover, "[t]he power of a court to enforce compliance with its orders duly entered is inherent."  *Id.*  Although Holsapple did not

specifically request revocation, he placed the issue squarely before the court. We conclude that the filing amounted to an actionable petition to revoke.[3]

## Authority of the Filer

Smith contends Holsapple lacked authority to file a petition to revoke. Smith acknowledges that "[i]t has long been recognized that the [Indiana Code] does not specify who is required to file a petition to revoke probation." Br. of Appellant at 8. He nevertheless argues that prosecutors and probation officers are "commonly accepted filers" and that only officers of the court—who "owe a duty of candor"—should be authorized to file a petition to revoke. *Id.*

We must give statutory language its plain meaning—and we will not read new requirements into statutes. *See, e.g.*, *Johnson v. State*, 87 N.E.3d 471, 472 (Ind. 2017). Here, Indiana Code Section 35-38-2-3(a) contemplates the timely filing of a "petition to revoke probation." The revocation statute imposes no limitation on who has authority to file the petition. *See* I.C. § 35-38-2-3(a). Indeed, as this Court has observed, the pertinent statute "speaks in terms of what may occur when a petition . . . is filed and not in terms of who may file

---

[3] Smith argues that a portion of Holsapple's filing was illegible, depriving Smith of notice of the allegations against him and thereby violating his federal right to due process. Smith has waived this argument by presenting it for the first time on appeal. *See, e.g.*, *In re N.G.*, 51 N.E.3d at 1173. Waiver notwithstanding, the petition stated that Smith "failed to comply with the rules, regulations or conditions of the program as follows" and then contained a checkmark next to a line that reads: "The Defendant failed to otherwise comply with the program as more detailed below." App. Vol. II at 58. The next lines contain handwritten remarks that—while not a model of penmanship—include the word "alcohol" legibly written on the first line. *Id.* We are not persuaded that Smith lacked adequate notice of the nature of the allegations against him.

it." *Malone v. State*, 571 N.E.2d 329, 331 (Ind. Ct. App. 1991) (rejecting the argument that a probation officer lacked authority to file a petition to revoke).

[17] As we have already concluded, the instant filing constituted a petition to revoke. Moreover, because the Indiana Code does not limit who may file a petition to revoke, we are not persuaded that the court abused its discretion by conducting hearings on the petition and ultimately revoking Smith's probation.

[18] Affirmed.

Najam, J., and May, J., concur.