Harold Wayne HARDER, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 48A04–8606–CR–00168.

Court of Appeals of Indiana, Fourth District.

Dec. 24, 1986.

---

**2.** *See* Official Comments IC 29–1–14–2 (1975).

Richard Walker, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Harold Harder appeals the revocation of his probation by the Superior Court of Madison County. The following issues are raised on appeal:

1) Whether the trial court erred in sentencing Harder by failing to sufficiently inform Harder of the conditions of his probation.

2) Whether there is sufficient evidence to support the trial court's revocation of Harder's probation; and

3) Whether the trial court denied Harder's right to due process by permitting the state to submit additional evidence after it had rested its case.

We reverse.

On November 19, 1984, pursuant to a plea agreement, the Superior Court of Madison County imposed the following sentence upon Harold Harder for four counts of dealing in illegal drugs:

The sentence of the Court will be as follows, Mr. Harder. On Count I, Dealing in Marijuana, you'll be remanded to the Department of Correction for a period of four years. On Count II, Dealing in Marijuana, you'll be remanded to the Department of Correction for a period of four years. On Count III, Dealing in Marijuana, you'll be remanded to the Department of Correction for a period of four years, and on Count V, Dealing in Hashish, you'll be remanded to the Department of Correction for a period of four years. In each Count, three years will be suspended and one year executed. The year executed on each Count, those years will be served, uh, concurrently, that is, there'll be, uh, one year on each Count executed time, pursuant to the plea agreement, uh, all served concurrently, and the balance of three years,

which is suspended, will also be served concurrently, that is, you'll have three years of suspended sentence and probation and one year of executed time. The three years of suspended sentence will be shown as, uh, for the period of time that the sentence is suspended, three years, you'll be on probation. A condition of the terms of your probation will be probation user's fees as follows: A $50 initial fee and a $10 monthly fee. In addition, as a condition of probation the Court directs that you have a substance abuse and alcohol evaluation at the Center for Mental Health, and that you comply with any treatment program which they recommend. The Court directs that with respect to the year of executed time, said sentence shall be permitted to be served at the Madison County Detention Center and that you will be eligible for work release under the Sheriff's existing work release program, including the facts as I indicated before, uh, the per diem as directed by the Sheriff and the, uh, the hours to be arranged with the Sheriff. Costs of this action will be assessed against the defendant. I want to show for the record that the plea agreement has been approved and that the defendant was sentenced pursuant to the plea agreement. Anything else before the record's closed?

Harder served the executed part of his sentence and was released on May 24, 1985. On July 24, 1985, the state filed a Notice of Probation Violation alleging that Harder had violated his conditions of probation by "Driving While Intoxicated, Per Se, and Contributing to the Delinquency of a Minor."

At the January 6, 1986 hearing on the alleged violation, Officer Sells testified that on July 20, 1985 he observed Harder driving a vehicle which was weaving between the lines, crossing the center line and driving off of the traveled portion of the roadway. After Sells stopped Harder's vehicle, he noticed two passengers in the car who, in his opinion, were sixteen years old. Sells further testified that he smelled alcohol on Harder's breath, that Harder did not

perform motor coordination tasks satisfactorily and that in his opinion, Harder was intoxicated. Upon this evidence, the state rested. Harder did not submit any evidence.

Despite the fact that both parties had rested their case, the trial judge, *sua sponte,* decided to continue the case until the next week and stated that "if the state is unsatisfied with its record, then it can have who it wants here next week and can examine and cross-examine, and the Department and ... the State can make a judgment as to whether or not it wants to stand on the existing notice or it wants to file an amended notice." (R. 198–199) Harder objected to the continuance on the grounds that the state should not be given additional time to gather additional evidence after resting its case.

On January 7, 1986, the state filed a new Notice of Probation Violation, alleging that Harder violated his conditions of probation as follows:

a) Failure to behave well and not to violate the laws of Indiana or U.S., and not to become intoxicated with alcohol and/or use other drugs without a proper prescription: Arrested 7/20/85 for Driving While Intoxicated Per Se and Contributing to the Delinquency of a Minor

b) Failure to meet monthly financial obligations: Costs and Probation Fees

c) Failure to keep Probation Department informed of present address, and to be at that address between the hours of 1:00 a.m. to 6:00 a.m. unless for a good reason

d) Failure to inform Probation of change in address, employment or phone number

e) Failure to report in person monthly

f) Failure to secure a travel permit before leaving the State of Indiana for any purpose

g) Failure to submit to alcohol/substance abuse evaluation by the Center for Mental Health, and to comply fully with any recommendations made by the Center

At the hearing conducted on January 13, 1986, the state put in the following evi-

dence over Harder's objection. Jan Daniel, an employee for the Center for Mental Health, testified that Harder had called and scheduled three evaluation appointments between June 6, 1985 and August 5, 1985 but had failed to keep the appointments.[1] Alexis Scherrer, Harder's probation officer, testified that Harder had not paid any probation fees or court costs since May 24, 1985. She further testified that Harder failed to keep her apprised of his address, failed to report on a monthly basis and failed to secure a travel permit. The state attempted to introduce the results of an intoxilyzer test given to Harder at the time of his arrest but failed to lay a proper foundation. Harder did not submit any evidence and the trial judge revoked his probation.

 Harder first argues that the trial court erred in failing to sufficiently inform him of the conditions of his probation and in failing to provide him with a written statement of those conditions. We agree. While it is unnecessary for a trial court to specify that a defendant not commit an additional crime during probation, *Jaynes v. State* (1982), Ind.App., 437 N.E.2d 137, the trial court must specify all other conditions of probation at the time of sentencing. *Disney v. State* (1982), Ind.App., 441 N.E.2d 489. In this case, the trial court placed only three conditions on Harder's probation: 1) that Harder pay probation users fees consisting of $50.00 initial fee and $10.00 per month thereafter; 2) that Harder submit to an alcohol and/or substance abuse evaluation at the Center for Mental Health and comply with any treatment program recommended by it; and 3)

that Harder pay court costs. The trial judge did not specify that Harder's probation was conditioned upon Harder reporting to the probation department, his notifying that department of his address or changes in his address, employment or telephone number, or remaining in the jurisdiction unless he secured a travel permit. These are all conditions which must be specified and entered of record at the time of sentencing. *Disney v. State, supra* at 494 fn. 7.

Not only did the trial court fail to specify all of the conditions of Harder's probation, it failed to be sufficiently specific as to the conditions it did impose. The trial court did not inform Harder that his user's fees and court costs were to be paid by a specific date[2] nor did it inform Harder that he was to submit to the alcohol and/or substance abuse evaluation by a specific date. Further, the trial court failed to provide Harder with a written statement of these three conditions as required by *Disney v. State* (1982), 441 N.E.2d 489.[3] The failure to sufficiently inform Harder of the conditions of his probation constitutes error.

 Harder further argues that the evidence is insufficient to support the trial court's revocation of his probation. We agree. Because the trial court failed to sufficiently inform Harder of the special conditions upon which his probation was based, the revocation cannot be supported upon evidence that he allegedly violated one of those conditions. The only remaining issue, therefore, is whether there is sufficient evidence in the record to support the trial court's judgment that Harder vio-

---

1. Harder did not keep the first two of these appointments because they were scheduled during his working hours. He personally requested that both of these appointments be rescheduled.

2. We also note that probation cannot be revoked for failure to comply with financial conditions unless the probationer recklessly, knowingly or intentionally fails to pay. IND.CODE 35-38-2-3. In this case, the state merely put into evidence that Harder failed to pay. It did not offer any evidence that Harder recklessly, knowingly or intentionally failed to do so.

3. State law also requires the probation department to furnish the defendant a written statement of the conditions of his probation. IND. CODE 11-13-1-3. We find nothing in the record indicating that the Madison County Probation Department complied with this statute. In fact, the record does not show that Harder was ever informed, in any manner, that his probation was conditioned upon reporting to the probation department, informing that department of his address, employment and telephone number, and remaining in the jurisdiction unless he secured a travel permit.

lated his probation by committing the crimes alleged in the Notices of Violation.

Harder was arrested on July 20, 1985 for "Driving While Intoxicated, Per Se, and Contributing to the Delinquency of a Minor." Both the July 25, 1985 and the January 7, 1986 Notice of Violations filed by the state alleged these two crimes to be the violations committed by Harder. Despite being given two attempts, however, the state failed to prove by a preponderance of the evidence that Harder committed either crime.

The statute which makes "Driving While Intoxicated, Per Se," a crime provides:

A person who operates a vehicle with ten-hundredths percent (.10%), or more, by weight of alcohol in his blood commits a Class C misdemeanor.

IND.CODE 9–11–2–1. The state never presented evidence indicating that Harder's blood alcohol content was .10% when he was arrested on July 20, 1985. The trial judge stated it was irrelevant whether the state proved Harder's blood alcohol content reached this level because Officer Sells testified that, in his opinion, Harder's driving was impaired due to alcohol consumption, which constituted criminal activity under another statute.[4] We disagree. Prior to a revocation hearing, the state is required by the Fourteenth Amendment of the U.S. Constitution to furnish the probationer a written notice of the hearing and to state in that notice what violations the probationer has allegedly committed. *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 786, 93 S.Ct. 1756, 1761, 36 L.Ed.2d 656; *Morrissey v. Brewer* (1972), 408 U.S. 471, 488, 92 S.Ct. 2593, 2603, 33 L.Ed.2d 484. In this case, both notices received by Harder stated that he had allegedly violated his probation by "Driving While Intoxicated, Per Se," not that he had violated the conditions of his probation by Driving While Impaired.[5] Because the state presented no evidence Harder had a .10% blood alcohol content, it failed to prove "Driving While Intoxicated, Per Se."

The state also failed to prove that Harder violated his probation by "Contributing to a Delinquency of a Minor." The statute which makes this conduct a crime provides:

A person eighteen (18) years of age or older who knowingly or intentionally encourages, aids, induces, or causes a person under (18) years of age to commit an act of delinquency as defined by I.C. 31–6–4–1 commits contributing to delinquency, a Class A misdemeanor.

IND.CODE 35–46–1–8. The record is totally devoid of evidence as to what act of delinquency Harder encouraged, aided, induced or caused. Additionally, the only evidence as to the age of the two individuals who were with Harder on July 20, 1985 is Officer Sells' opinion testimony that the individuals were sixteen.

As the state failed to prove essential elements of either crime it alleged Harder committed, there is insufficient evidence to affirm the trial court's revocation of Harder's probation. We therefore reverse without finding it necessary to discuss whether the trial court denied Harder's right to due process by permitting the state, through a continuance, to gather information and present additional evidence after it has rested its case.

Reversed with instructions to immediately reinstate the defendant's probation.

CONOVER, P.J., and MILLER, J., concur.

---

4. IND.CODE 9–11–2–2.

5. These two crimes were distinguished in *Sering v. State* (1986), Ind.App., 488 N.E.2d 369.