Gregory John LONG, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 76A04–9905–CR–223.

Court of Appeals of Indiana.

Oct. 27, 1999.

Michael L. Morrissey, Angola, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Thomas D. Perkins, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

STATON, Judge

Gregory Long appeals the revocation of his probation and the trial court's denial of credit for time he served while on home detention. Long raises four issues on appeal. We address one dispositive issue:

whether Long was denied due process in his probation revocation proceeding.

We reverse and remand with instructions.

Long pleaded guilty to resisting law enforcement. He received a one year suspended sentence and was placed on probation, with 180 days to be served on home detention. Later, the State filed a motion seeking the revocation of Long's probation.[1] The motion alleged that Long had tampered with his home detention electronic transmitter and that Long had failed to wear the transmitter at all times. At the conclusion of Long's revocation hearing, the trial court determined that Long had violated a condition of his home detention, and thus his probation, by attempting to fix his ankle transmitter after it had been damaged when Long tripped and fell outside his home. The court revoked Long's probation; this appeal ensued.

Long contends that his probation revocation proceeding did not comport with the due process requirements of the Fourteenth Amendment to the United States Constitution. Specifically, he argues that he was not provided with adequate written notice of the claimed violations of his probation and that he was not afforded a neutral and detached hearing body. Because we conclude that the State failed to provide Long with written notice of the claimed probation violation, we address only this contention.

" 'The Due Process Clause of the Fourteenth Amendment imposes procedural and substantive limits on the revocation of the conditional liberty created by probation.' " *Braxton v. State,* 651 N.E.2d 268, 269 (Ind.1995), *reh. denied* (quoting *Black v. Romano,* 471 U.S. 606, 610, 105 S.Ct. 2254, 2257, 85 L.Ed.2d 636 (1985)). The minimum requirements of procedural due process in the context of probation revocation proceedings include:

---

1. The State actually filed three motions to revoke, all of which were considered in a single revocation proceeding. Only one of the motions is at issue in this appeal.

'(a) written notice of the claimed violations of [probation]; (b) disclosure to the [probationer] of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body . . .; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation].'

*Parker v. State,* 676 N.E.2d 1083, 1085 (Ind.Ct.App.1997) (quoting *Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972)) (emphasis added). The written notice of the claimed probation violation must be "sufficiently detailed to permit the probationer 'to prepare an adequate defense to that charge.'" 3 WAYNE R. LAFAVE AND JEROLD H. ISRAEL, CRIMINAL PROCEDURE 158 (1984) (quoting *Collins v. State,* 151 Ga.App. 116, 258 S.E.2d 769 (1979)).

The State sought the revocation of Long's probation based upon the allegation that he "tampered" with his ankle transmitter and failed to wear the transmitter at all times. Long's probation officer discovered on a visit to Long's home that Long's ankle transmitter was broken and that tape and glue had been placed on it. Long's probation officer testified that he believed Long had intentionally removed the transmitter. Long and his girlfriend testified that the transmitter broke when Long fell on steps outside his home. Long admitted at the revocation hearing that he placed tape and glue on the transmitter after the accident. The trial court concluded that the State failed to prove that Long had intentionally removed the transmitter, but it also found that Long had violated a condition of probation by attempting to fix the transmitter. Rule fourteen of Long's Home Detention Order provided, in pertinent part: "You will not tamper with, *attempt to fix,* or allow anyone else to tamper with the transmitter equipment." Record at 36 (emphasis added). The evidence presented at trial supports the finding that Long attempted to fix the ankle transmitter. Therefore, Long was in violation of his probation. However, Long contends that he was not given the opportunity to prepare an adequate defense to the charge that he attempted to fix the transmitter.

The State charged Long with tampering with his transmitter. The motion to revoke did not expressly accuse Long of attempting to fix the transmitter. The State argues on appeal that tampering with and attempting to fix a transmitter are one and the same. In this regard, the State notes the trial court's observation that one of the reasons for prohibiting a probationer from attempting to fix a transmitter is to prevent him from first tampering with the transmitter and then covering up his misdeed by fixing the device. Although we agree with the trial court's observation, we do see a distinction between charging a probationer with tampering with a transmitter and with attempting to fix a transmitter.

Initially, we note the difference between the definitions of "tamper" and "fix." "Tamper" is defined as "to interfere so as to weaken or change for the worse . . . ." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 1204 (1985). "Fix" means "to make firm, stable, or stationary . . . ." *Id.* at 467. Although the evidence that Long placed tape and glue on the transmitter supports the conclusion that he attempted to "fix" the device, it does not support the violation with which he was charged—that he "tampered" with the device—given the trial court's finding that the device was accidentally broken.

■ Furthermore, we note that probation may not be revoked based upon proof of an act that is merely similar in nature to the violation charged in the written notice. In *Harder v. State,* 501 N.E.2d 1117 (Ind. Ct.App.1986), the State charged the probationer with an alleged violation for commit-

ting the crime of driving while intoxicated, per se. The State proved that Harder was driving while impaired, but it failed to prove that his blood alcohol content was .10% or greater as required to prove driving while intoxicated, per se. In revoking Harder's probation, the trial court stated that the State's failure to prove that Harder's blood alcohol content reached .10% was irrelevant because the State had proven that Harder had committed the separate crime of driving while impaired. On appeal, this court held that the State was required to prove the elements of driving while intoxicated, per se in order to revoke Harder's probation since Harder had been notified of an alleged violation based upon the commission of that crime. *Id.* at 1121. Thus, the revocation of Harder's probation could not rest on his commission of driving while impaired despite the similarity between the crimes.

Like Harder, Long was charged with an act that the State failed to prove, but his probation was revoked because he was found to have committed a separate, uncharged act that also violated a condition of his probation. Also like Harder, Long's uncharged act was similar in nature to the act with which he was charged. However, this similarity is insufficient to comply with the written notice requirements.

Finally, it is apparent that the State's failure to allege that Long attempted to fix his transmitter affected his defense in this case. At his revocation hearing, Long freely admitted that he taped and glued the transmitter in the course of providing his explanation for the transmitter being broken. Long's admission was consistent with his stated intent to comply with the order that he wear the transmitter on his ankle at all times.[2] It is logical to expect that had Long known he was being charged with violating his probation for attempting to fix the transmitter, he would not have voluntarily testified regarding this matter. While Long could not have avoided testifying about his use of tape and glue if he had been asked such a question by the State,[3] it is unlikely Long's own counsel would have solicited this testimony. Thus, the preparation of Long's defense was affected by the lack of notification.

The State's failure to notify Long in writing that it intended to seek the revocation of his probation for attempting to fix his ankle transmitter violated Long's right to due process. Accordingly, we reverse and remand with instructions to reinstate Long's probation.

Reversed and remanded with instructions.

NAJAM, J., and RUCKER, J., concur.

---

**2.** As previously noted, Long had also been charged with a violation for not wearing his transmitter at all times.

**3.** This court has held that the Fifth Amendment privilege against self-incrimination does not apply in a probation revocation proceeding where the questions being asked would not incriminate the probationer in a subsequent prosecution. *State v. Cass,* 635 N.E.2d 225, 228 (Ind.Ct.App.1994), *trans. denied.* Although it is criminal behavior to violate a home detention order by intentionally removing an electronic monitoring device, it does not appear to be criminal behavior to attempt to fix such a device. *See* IND.CODE § 35-44-3-5(b) (1998). Since Long's behavior in accidentally breaking the transmitter and in attempting to fix it was not criminal, Long could not have claimed the privilege if asked whether he placed the glue and tape on the device.