Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEYS FOR APPELLANT:

**RUTH JOHNSON**
**DARREN BEDWELL**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Jun 27 2014, 9:31 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JOSEPH D. REED, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )  No. 49A02-1310-CR-883 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM MARION SUPERIOR COURT
The Honorable Steven R. Eichholtz, Judge
The Honorable Michael Jensen, Magistrate
The Honorable Peggy Ryan Hart, Master Commissioner
Cause No. 49G20-9607-CF-104445

**June 27, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Joseph Reed appeals the revocation of his probation and raises four issues, which we consolidate and restate as:

I. Whether the trial court erred when it determined that Reed was on probation at the time that the Notice of Probation Violation was filed; and

II. Whether the State presented sufficient evidence that Reed violated the terms of his probation.

We affirm and remand with instructions.

**FACTS AND PROCEDURAL HISTORY**

In April 1998, Reed pleaded guilty to Class B felony conspiracy to commit dealing in cocaine. In June 1998, the trial court imposed a twenty-year sentence with the Indiana Department of Correction ("IDOC"), eight years of which were executed and the remaining twelve years were suspended. It also required Reed to serve two years of probation. *Tr*. at 6-7; *Appellant's App*. at 29, 215-18. The terms of Reed's probation included the following conditions: (1) not be arrested for a new crime; (2) not associate with anyone who possesses or uses illegal drugs; (3) submit to substance abuse evaluation and treatment, as needed. *Appellant's App*. at 217.

At that time, Reed faced pending criminal charges in New Jersey. When he completed the executed portion of Indiana's conspiracy to commit dealing in cocaine sentence in February 2001, he was transported to New Jersey for disposition of the pending case there. He was convicted and committed to the New Jersey Department of Correction ("NJDOC"). In August 2003, the New Jersey State Parole Board paroled Reed and ordered

2

him to report to his parole officer in Indianapolis, Indiana on August 18, 2003, which he did.

In February 2006, Reed, who was still on parole with New Jersey, was arrested in Kentucky for trafficking in narcotics and was ultimately convicted and committed to the Kentucky Department of Correction ("KDOC"). In May 2010, he was released from KDOC and was transported back to New Jersey, where his parole was revoked, and he was committed to NJDOC until he was released in March 2011.

In late-March 2011, he moved into a halfway house in Kentucky, and not long thereafter, Reed received paperwork from the Marion County Probation Department ("Probation Department"), concerning the matter of transferring supervision of his probation to Kentucky. Reed filled out the paperwork at the direction of his parole officer, who told him it would be a "probation violation for the State of Indiana" if he did not fill out and return the paperwork. *Tr*. at 46. In June 2011, supervision of his Indiana probation was transferred to Kentucky. He began making $20.00 per month payments to the Probation Department in June 2011 through August 2012. *Id*. at 49, 60. In February and May 2012, Kentucky law enforcement officers conducted two controlled drug buys that implicated Reed. He was indicted on June 20, 2012 by a Kentucky grand jury for trafficking in a controlled substance.

The Probation Department received notice of the Kentucky arrest on July 25, 2012, and it filed the Notice of Probation Violation on July 31, 2012 ("the Notice"). The Notice alleged that on or about May 18, 2012, Reed was arrested and charged with trafficking in a controlled substance in Franklin County, Kentucky, that he had been indicted by a grand

3

jury, and that there was an active warrant for his arrest. It also noted that the Probation Department had no record of Reed completing the court-ordered substance abuse counseling. *Appellant's App*. at 127.

In May 2013, the trial court heard evidence and argument on the preliminary issue of whether the Notice was timely filed. Reed's argument was that his probation began in 2003 by operation of law when he was released from NJDOC and ended two years later, and therefore, the Notice, filed in July 2012, was not timely; the State's position was that Reed's period of probation did not begin until April 2011. Reed testified at the hearing, stating that he returned to Indiana when he left New Jersey, and he lived with his mother in Indianapolis from August 2003 until October 2006. He said that in August 2003, he reported to his parole officer, who instructed Reed to go to the Probation Department. Reed testified that he spoke to a woman at the front desk of the Probation Department, discussed with her his three-and-one-half years of New Jersey parole and two years of Indiana probation, and she indicated to him that parole would supervise him because the length of the parole exceeded the length of probation; Reed understood her to mean that the probation and parole would occur at the same time. He did not again report to the Probation Department, and the Probation Department did not monitor Reed, nor do they have any record of him visiting their office in August 2003 or anytime thereafter.

The State submitted proposed findings of fact and conclusions thereon on May 30, 2013, which the trial court adopted on June 14, 2013. Therein, the trial court found that Reed was either on parole or incarcerated from the time of his release from IDOC through

April 2011, and that his Indiana probation began at the earliest in April 2011. *Id*. at 179-184, 196.

In September 2013, the trial court conducted a hearing on the Notice to determine the probation revocation issue. Initially, Reed agreed to admit to the violation, but after being informed of his rights, Reed decided not to admit to the violation. The State presented evidence through the testimony of three Kentucky law enforcement officers concerning the two Kentucky controlled drug buys that occurred on February 9, 2012 and May 17, 2012, and the Kentucky indictment was admitted into evidence.

Following the presentation of evidence, the trial court concluded that the State had proven that Reed violated the terms of his probation, finding that Reed aided and abetted in dealing drugs and "associated with known criminals which is a violation of probation." *Tr*. at 173. The trial court next referenced "the $10,000.00" that was discovered in a freezer during the execution of a search warrant at his residence; Reed had admitted to officers that an individual from Detroit was coming for the money and to drop off another 1,000 pills. *Id*. at 106. The trial court found that such evidence "again shows that he was associating with and aiding in the engagement of trafficking in drugs." *Id*. at 173. The trial court identified a third basis for the revocation, namely his arrest and indictment in Kentucky for drug-related crimes. The trial court imposed the previously-suspended twelve years of incarceration. Reed now appeals.

**DISCUSSION AND DECISION**

Probation revocation is governed by Indiana Code section 35-38-2-3(a), which provides, "The court may revoke a person's probation if . . . the person has violated a

condition of probation during the probationary period[.]" Probation is a favor granted by the State, not a right to which a criminal defendant is entitled. *Cox v. State,* 850 N.E.2d 485, 488 (Ind. Ct. App. 2006). Nonetheless, once the State grants that favor, it cannot simply revoke the privilege at its discretion. *Id.* Probation revocation implicates a defendant's liberty interest, which entitles him to some procedural due process. *Parker v. State,* 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997). However, because probation revocation does not deprive a defendant of his absolute liberty, but only his conditional liberty, he is not entitled to the full due process rights afforded a defendant in a criminal proceeding. *Cox*, 850 N.E.2d at 488.

The minimum requirements of due process include: (a) written notice of the claimed violations of probation; (b) disclosure to the probationer of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking probation. *Id.*

Accordingly, unless a defendant admits to the alleged probation violations, due process requires a written statement by the court regarding the evidence relied upon and the reasons for revoking probation. *Terrell v. State,* 886 N.E.2d 98, 101 (Ind. Ct. App. 2008), *trans. denied.* However, a trial judge's oral statement, if it contains the facts relied upon and reasons for revocation, and is reduced to writing in the transcript of the hearing,

6

is sufficient to satisfy this requirement. *Wilson v. State*, 708 N.E.2d 32, 33 (Ind. Ct. App. 1999); *Hubbard v. State,* 683 N.E.2d 618, 620-21 (Ind. Ct. App. 1997).

The decision on whether to revoke probation is a matter addressed to the sole discretion of the trial judge. *Hubbard*, 683 N.E.2d at 620. We will affirm revocation if, considering only the probative evidence and reasonable inferences therefrom, there is sufficient evidence supporting the conclusion that the probationer is guilty of violating any condition of his probation. *Id.* We will neither reweigh weigh the evidence nor assess witness credibility. *Wilson*, 708 N.E.2d at 34.

## I.      Timeliness of the Notice of Probation

Reed argues that his two years of probation began in 2003, when he was released from NJDOC, and any notice of violation had to be filed by 2006 (one year after the end of his probationary term[1]). Therefore, he claims, the Notice filed in July 2012 was not timely because his probation term had expired, and the trial court did not have jurisdiction over him. We disagree.

As our Supreme Court has noted, "[P]robation conditions are a matter of discretion afforded to the trial court, and are conditions assigned—as part of the judiciary's function in setting sentences—in lieu of imprisonment." *Bleeke v. Lemmon*, 6 N.E.3d 907, 918 (Ind. 2014). "Probation restrictions 'are meant to assure that the probation serves as a period of genuine rehabilitation and that the community is not harmed by the probationer's being at large' because the offender would otherwise be imprisoned and away from the public." *Id.*

---

[1] Indiana Code section 35-38-2-3(a)(2) allows a probation department to file a petition to revoke probation up to one year after the end of the probationary period.

7

(quoting *Griffin v. Wisconsin*, 483 U.S. 868, 874-75 (1987)). Here, Reed concedes that between 2003 and 2006, he did not report to an officer of the Probation Department, pay any probationary fees, participate in drug testing, or in any way submit to supervision or monitoring by the Probation Department. The Probation Department has no record of Reed speaking with anyone or otherwise making contact anytime in 2003 as Reed described. In fact, according to Probation Department officer Thomas Bridgewaters, the first time that the Probation Department had "any contact whatsoever, directly, indirectly, phone, email, anything," was in March 2011. *Tr*. at 57. Shortly thereafter, Reed signed paperwork that transferred the supervision of his Indiana probation to Kentucky, and he began making monthly $20.00 payments to the Probation Department in June 2011, which continued through August 2012. Under these facts and circumstances, we cannot say that the trial court erred when it rejected Reed's claim that his two-year probationary term began in 2003 and ended two years later in 2005. As the State notes, to find otherwise – that his release from NJDOC operated to begin his probation term – would result in the possibility a person could simply never report to probation and avoid the probation process entirely, perhaps by leaving the jurisdiction, until the particular probationary term had elapsed,

which clearly would thwart the intent and rehabilitative purpose of probation. We discern no trial court error.[2]

## II. Sufficiency of the Evidence

Reed presents several arguments concerning whether the State presented sufficient evidence that Reed violated his probation. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Ind. Code § 35-38-2-3; *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). When reviewing an appeal from the revocation of probation, we consider only the evidence most favorable to the judgment, and we will not reweigh the evidence or judge the credibility of the witnesses. *Sanders v. State*, 825 N.E.2d 952, 954-55 (Ind. Ct. App. 2005), *trans. denied*.

Initially, Reed suggests that the trial court employed the outdated "probable cause" standard when it determined he had violated the terms of his probation. *Appellant's Br*. at 14. His argument is premised on the fact that the trial court recognized that a Kentucky grand jury had found that probable cause existed to indict Reed on a charge of trafficking in narcotics. This mere reference to the Kentucky's probable cause determination, however, is not the equivalent of the application of the wrong burden of proof at the probation violation hearing. The record before us reflects that, at the beginning of the

---

[2] In asserting that Reed was on parole, not probation, in 2003-2005, the State has made the argument that one cannot serve parole and probation simultaneously. Reed argues that if indeed that is true, then he could not have violated probation in 2012 because he was still on parole (through at least 2020) for his Kentucky offense(s). We note that Indiana courts have held that a trial court may revoke a defendant's probation before he enters the probationary phase of his sentence. *Baker v. State*, 894 N.E.2d 594, 597-98 (Ind. Ct. App. 2008); *Crump v. State*, 740 N.E.2d 564, 568 (Ind. Ct. App. 2000), *trans. denied*. Therefore, even if Reed's probationary phase had not yet begun in 2012 (because he was still on parole for Kentucky offenses), the trial court was within its discretion to revoke his probation.

probation revocation hearing, the trial court advised Reed twice of the preponderance of the evidence burden of proof that the State was required to establish in order to prove a violation. *Tr.* at 80. At the conclusion of the hearing, the trial court stated on the record its determination that the State had established the violations by a preponderance of the evidence. *Id.* at 172. We find no error with regard to the standard of proof that the trial court employed at the hearing.

Reed's probation violation was based, in part, on his association with known drug traffickers, which was prohibited under the conditions of his probation. Reed asserts the trial court erred in basing its revocation on this violation because "he did not have the required notice of that violation before the hearing." *Appellant's Br.* at 16. Reed is correct that a defendant is entitled to written notice of the claimed violations. *Long v. State*, 717 N.E.2d 1238, 1240 (Ind. Ct. App. 1999). The written notice of the claimed probation violation must be sufficiently detailed to permit the probationer to prepare an adequate defense to that charge. *Id.* (quotations omitted). Here, the Notice alleged, in pertinent part, that "on or about 5/18/12 [Reed] was arrested and charged with Trafficking in Controlled Substance 1st Degree 2nd Offense in Franklin County, Kentucky." *Appellant's App.* at 127. Reed contends this did not give him adequate notice of the violation that he was associating with known criminals involved in the trafficking of drugs, but we are not persuaded. First, to the extent his argument is that he did not have the opportunity to prepare an adequate defense, Reed did not explain or elaborate in what way he was prejudiced or could not prepare a defense, and in that regard his argument is waived. Ind. Appellate Rule 46(A)(8)(a); *Hart v. State*, 889 N.E.2d 1266, 1272 n.4 (Ind. Ct. App. 2008).

10

Second, his association with persons involved in the commerce of drugs, an act prohibited by his probation, was not separate or distinct from his arrest for trafficking drugs, the violation alleged in the Notice. There is overlap between the two. The evidence at the probation hearing concerned the circumstances surrounding the two Kentucky drug transactions and Reed's involvement in them. His own statements to law enforcement revealed his involvement and association with interstate drug trafficking. We find no trial court error with regard to its finding that Reed associated with known criminals involved in the trafficking of drugs and thereby violated his probation.

Lastly, Reed challenges the fact that the only reason for revocation of his probation that was identified on the abstract of judgment is "Technical violations: Non-Compliance with Court Ordered Programs." *Appellant's App*. at 94. Reed asserts that no evidence about this violation was presented at the hearing, and, therefore, it is not a valid reason to revoke Reed's probation. He argues, "Because the trial court's *written order* does not list a valid reason for revoking Reed's probation," we should, at a minimum, remand the matter to the trial court for correction of the abstract. *Appellant's Br*. at 17 (emphasis added). We agree with Reed to the extent that the abstract does not reflect the trial court's reasons as stated in the record before us.

As we noted above, due process generally requires a written statement by the court regarding the evidence relied upon and the reasons for revoking probation; however, a trial judge's oral statement, if it contains the facts relied upon and reasons for revocation, and is reduced to writing in the transcript of the hearing, is sufficient to satisfy this requirement. *Hubbard,* 683 N.E.2d at 620-21. Here, the trial court identified on the record at the hearing

11

several reasons to revoke Reed's probation: aiding in the dealing of drugs, associating with known criminals who traffic drugs, and being indicted in Kentucky[3]. *Tr*. at 173. These reasons sufficiently justify its reasoning for revoking Reed's probation, even excluding the allegation that he failed to comply with court-ordered programs, as identified in the abstract of judgment. We find no abuse of discretion in the trial court's decision to revoke Reed's probation, but we remand to the trial court with instructions to modify the abstract to reflect the trial court's stated reasons for revoking Reed's probation.

Affirmed and remanded with instructions.

BAILEY, J., and MAY, J., concur.

---

[3] We note that a new criminal charge filed against a defendant while he is on probation, standing alone, does not support the revocation of probation. *Jackson v. State*, 6 N.E.3d 1040, 1043 (Ind. Ct. App. 2014). Rather, it must be shown by a preponderance of the evidence that the defendant actually committed the new criminal offense. *Jackson* is distinguishable from the present case, because, in *Jackson*, the only evidence submitted at the hearing was a copy of the indictment and the probation officer's testimony that the indictment constituted a violation of probation. *Id*. Here, in addition to the indictment, the State presented the testimony of three Kentucky law enforcement officers who were involved in the two controlled drug buys that ultimately resulted in Reed's arrest and indictment. The trial court determined that the State proved by a preponderance of the evidence that Reed aided and abetted in the trafficking of drugs, the new charged offense.