# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 07 2020, 8:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Samuel J. Beasley
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

David A. Howell,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 7, 2020

Court of Appeals Case No.
20A-CR-1337

Appeal from the
Delaware Circuit Court

The Honorable
Marianne L. Vorhees, Judge

Trial Court Cause No.
18C01-1901-F5-6

**Kirsch, Judge.**

[1] David A. Howell ("Howell") appeals the trial court's revocation of his probation and imposition of his previously-suspended sentence. Howell raises

one issue, which we restate as whether the trial court violated his due process rights by not providing him with sufficient notice of the allegation that he violated his probation by committing new offenses.

[2] We affirm.

## Facts and Procedural History

[3] On December 26, 2018, A.S. had been staying with Howell at his residence for several days. *Appellant's App. Vol. II* at 22. When A.S. informed Howell that she was leaving and began to pack up her belongings, Howell became angry, pulled a knife on A.S., hit her in the face causing a "busted and bloody lip," and refused to let her leave the residence. *Id.* A.S.'s brother was helping A.S. move her belongings, and Howell also charged at A.S.'s brother with a knife. *Id.* A.S.'s brother grabbed a stick from the yard, and Howell retreated. *Id.* Howell was arrested and charged with Level 5 felony domestic battery and Level 6 felony criminal confinement. *Id.* at 17-18, 20.

[4] Howell and the State entered into a plea agreement in which Howell agreed to plead guilty to Level 5 felony domestic battery in exchange for the State's dismissal of the criminal confinement charge. *Id.* at 41-43. The plea agreement specified that Howell was to be sentenced to the Indiana Department of Correction ("DOC") for thirty months, all of which was to be suspended. *Id.* at 43. On October 23, 2019, the trial court accepted the plea agreement and sentenced Howell to thirty months suspended to supervised probation pursuant to the plea agreement. *Id.* at 73-81, 84-85. Among other conditions, Howell's

conditions of probation required him to "obey all Town, City, County, State, and Federal laws and Ordinances." *Id.* at 79.

[5]     On January 16, 2020, the State charged Howell with two counts of Level 5 felony domestic battery under cause number 18C01-2001-F5-8 ("Cause No. 8") as a result of domestic violence incidents occurring on January 7, 2020 and January 11, 2020. *State's Exs.* 6-7. On January 21, 2020, the State filed a petition to revoke Howell's probation alleging as follows:

> 1. The defendant has been charged in [Cause No. 8]: Count 1: Domestic Battery has been previously convicted of battery against [sic], Level 5 Felony and Count 2: Domestic Battery has been previously convicted of battery against [sic], Level 5 Felony.
>
> 2. The defendant has failed to report to Probation Officer as directed.
>
> **WHEREFORE**, this Officer now informs the Court that the defendant, David Howell, is and should be determined to be in violation of the Courts orders in Cause No. 18C01-1901-F5-000006.

*Appellant's App. Vol. 2* at 86. (emphasis in original).

[6]     On June 17, 2020, the trial court held the fact-finding hearing on Howell's alleged violations. *Id.* at 12. Muncie Police Department Patrolman Zachary Surver ("Officer Surver") testified that on January 11, 2020, he was dispatched (along with the other officer who was training him at the time) on a domestic violence call to an abandoned house where he encountered A.S., who had

bruising and swelling to her hands and face, abrasions on her arm, an abrasion on her chin, and her right eye was black and blue. *Tr. Vol. 2* at 6-9; *State's Exs.* 1-2. Officer Surver met A.S. in a camper that was located on the property, stating that A.S. told him that on January 7, 2020 Howell hit her on the right side of her face with a frying pan. *Tr. Vol. 2* at 8, 10-11. Officer Surver testified that A.S. said she used her left hand to protect herself, which resulted in an injury to her left ring finger. *Id.* at 11; *State's Ex.* 2. Officer Surver also indicated that on January 11, 2020, A.S. told him that Howell cornered her in a camper, damaged the camper's door, and sprayed some kind of liquid on her. *Tr. Vol. 2* at 11. Officer Surver testified that A.S. signed a battery affidavit concerning the January 7, 2020 and January 11, 2020 domestic violence incidents, and Howell was arrested for domestic battery. *Id.* at 13-14; *State's Ex.* 3.

[7] Muncie Police Department Officer Daniel Vogel ("Officer Vogel") also responded to the January 11, 2020 domestic violence call, testifying that he observed that A.S. had "bruising around one eye and one of her fingers was pretty severely swollen." *Tr. Vol. 2* at 17-18. Officer Vogel also testified that on January 11, 2020, A.S. said Howell "sprayed something on her because she complained that her face and her lips were burning." *Id.* at 19; *State's Ex.* 4.

[8] Delaware County Probation Officer Vickie Reed ("Reed") also testified. *Tr. Vol. 2* at 24. She testified that she met with Howell after he was sentenced on October 23, 2019 and that Howell reviewed and signed the rules of probation. *Id.* at 28; *State's Ex.* 5. Reed stated that she scheduled Howell's intake

appointment for October 29, 2019, but Howell did not appear for the intake appointment. *Tr. Vol. 2* at 28. She testified that she attempted to mail Howell multiple letters to two different addresses, but Howell never followed up or reported to probation. *Id.* One of her letters was returned as "undeliverable," and she mailed another letter but learned on January 13, 2020 that Howell was in jail on the two new domestic battery offenses. *Id.*

[9] Howell's counsel acknowledged that Howell had failed to report to probation as directed and that the State had shown Howell was charged with a crime. *Id.* at 32. His counsel argued that being charged with a crime is insufficient to constitute a probation violation, and that the trial court should find that Howell had not violated his probation merely by virtue of being criminally charged in Cause No. 8. *Id.* The trial court revoked Howell's probation "based upon the fact that the State has met its burden of proving by preponderance of the evidence that defendant committed other crimes while on supervised probation and he failed to report as directed." *Id.* at 34. On June 22, 2020, the trial court held the dispositional hearing at which it revoked the entirety of Howell's probation and ordered that he serve the remainder of his previously-suspended thirty-month sentence in the DOC. *Appellant's App. Vol. II* at 12-13; *Tr. Vol. 2* at 43. Howell now appeals.

## Discussion and Decision

[10] Howell argues that the State violated his right to due process under the Fourteenth Amendment to the constitution of the United States because he

contends that he did not receive sufficient notice that he violated his probation by committing new offenses. Probation hearings are civil in nature, and the State must prove an alleged probation violation by a preponderance of the evidence. *Votra v. State*, 121 N.E.3d 1108, 1113 (Ind. Ct. App. 2019); *see also* Ind. Code § 35-38-2-3(f). "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "The Due Process Clause of the Fourteenth Amendment imposes procedural and substantive limits on the revocation of the conditional liberty created by probation." *Braxton v. State*, 651 N.E.2d 268, 269 (Ind. 1995) (citations omitted). Probation revocation is a two-step process: first, the trial court determines whether a violation has occurred and second, the trial court determines whether the violation warrants revocation. *Overstreet v. State*, 136 N.E.3d 260, 263 (Ind. Ct. App. 2019), *trans. denied.* (citations omitted). Probation revocation implicates a defendant's liberty interests, which entitles a defendant to some procedural due process, but a defendant is not entitled to full due process rights, as probation revocation does not deprive defendant of an absolute liberty but only a conditional liberty. *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997). "Basing a probation revocation upon claimed violations for which the defendant had received no notice is error because it violates due process." *Bussberg v. State*, 827 N.E.2d 37, 44 (Ind. Ct. App. 2005), *trans. denied*.

[11] Howell contends that the State failed to provide him with sufficient written notice because the revocation petition alleged that he had been charged in

Cause No. 8 with two counts of domestic violence as opposed to committing two new offenses.[1] The State maintains that Howell has waived his due process argument concerning the charges in Cause No. 8 by failing to object on that basis in the trial court. We agree with the State that Howell has waived his due process argument. *See Pigg v. State*, 929 N.E.2d 799, 803 (Ind. Ct. App. 2010) (due process rights are subject to waiver and may not be raised for first time on appeal), *trans. denied*.

[12] At the revocation hearing, Howell never made an objection on the basis that the State did not provide him with sufficient notice that he committed new criminal offenses in Cause No. 8 as a basis for revoking his probation. Rather, Howell objected on relevancy grounds to testimony and exhibits, including photographs of A.S.'s injuries, A.S.'s battery affidavit, and the probable cause affidavit in Cause No. 8, tending to show he committed the new offenses. *Tr. Vol. 2* at 10, 12, 14, 19, 21; *State's Exs.* 1-4. Howell did not object to the admission of his probation conditions, the CCS showing the filing of charges in Cause No. 8, or the charging information in Cause No. 8. *Tr. Vol. 2* at 26-27; *State's Exs.* 5-7. At the close of the evidence, Howell did not argue that the State provided him with insufficient written notice that his commission of new criminal offenses in Cause No. 8 was a basis for revoking his probation. *Tr. Vol. 2* at 32. Instead, he

---

[1] Howell does not extend his due process challenge to the other alleged probation violation that he failed to report to probation and does not dispute that he received sufficient notice of that allegation; indeed, he concedes that he failed to report to probation as set forth in the revocation petition. *See Appellant's Br.* at 11 n.1.

conceded to failing to report as alleged in the revocation petition and contended that while the revocation petition alleged that he had been charged with other crimes that being criminally charged does not constitute a violation of probation. *Id.* Howell did not raise an objection, request a continuance, or file a pretrial motion asserting that the revocation petition failed to provide him with sufficient notice that committing new offenses in Cause No. 8 was a basis for revoking his probation as he does now on appeal. *Id.* at 4-34; *Appellant's App. Vol. II* at 10-11. Therefore, Howell has waived this argument.[2]

[13] Waiver notwithstanding, we will address Howell's due process argument, which relies on *Long v. State*, 717 N.E.2d 1238 (Ind. Ct. App. 1999) and *Harder v. State*, 501 N.E.2d 1117 (Ind. Ct. App. 1986), in which panels of this court reversed revocations of probation based on violations of due process. In *Long*, the State alleged that Long violated his probation by "tamper[ing]" with his ankle transmitter by attempting to remove it, but at the revocation hearing the State only presented sufficient evidence that he had attempted to "fix" his transmitter after he had broken it after falling on it. 717 N.E.2d at 1240. Regardless, the trial court found that there was a separate home detention/probation rule that prohibited probationers from attempting to fix an

---

[2] Howell does not specifically challenge the sufficiency of the evidence that he violated his probation or the imposition of the sentence. We note that the trial court's written order imposing Howell's previously-suspended sentence as a sanction states that for the technical violation of failure to report it "usually" would "give a Defendant a second chance if the sole basis for revocation is failure to report." *Appellant's App. Vol. II* at 106, 108. The trial court's order also stated, as to the commission of new criminal offenses in Cause No. 8, that it had "found by a preponderance of the evidence that Defendant committed a domestic battery offense" upon the same victim, and that the victim's injuries were "egregious and obvious." *Id.* at 106.

ankle transmitter and revoked probation on that basis. *Id.* On appeal we reversed, holding that probation could not be revoked based upon an act that was similar but not identical to the charged act. *Id.* at 1241

[14] In *Harder*, the State alleged that Harder violated the terms of his probation by committing the offense of operating while intoxicated per se (.10% BAC). 501 N.E.2d at 1121. However, the State only presented evidence that Harder was driving while impaired, and the trial court revoked Harder's probation based on Harder's impairment. *Id.* We reversed the revocation of probation, finding that the revocation could not rest on his commission of driving while impaired even though that offense was similar to the offense for which he was charged. *Id.*

[15] Those cases are distinguishable. In *Long* and *Harder*, the probationers were alleged to have committed one act and then found to be in violation of probation based on the commission of another act. Here, Howell received sufficient notice of the allegations against him under Cause No. 8. The revocation petition alleged that Howell had "been charged in [Cause No. 8]," which was an allegation that he committed the two new offenses set forth in the charging information putting him on notice that the State was seeking to revoke his probation on the basis of the commission of the acts underlying those criminal offenses. *Appellant's App. Vol. II* at 86. In addition, Howell was on notice that a condition of his probation was that he was required to "obey all Town, City, County, State, and Federal laws and Ordinances." *State's Ex.* 5. Moreover, the trial court did not revoke Howell's probation simply because he had been *charged* with new criminal offenses in Cause No. 8; instead, it revoked

Howell's probation because the State had met its burden of demonstrating by a preponderance of the evidence that Howell had in fact *committed* the acts underlying those new offenses and failed to report to probation as directed. Howell's reliance on *Long* and *Harder* is misplaced, and we cannot say that Howell's due process rights were violated. Therefore, we affirm the trial court's order revoking Howell's probation and ordering him to serve the balance of his previously-suspended sentence.

[16] Affirmed.

Bradford, C.J., and May, J., concur.